JOHN HANKINS v. THE STATE.

No. 1349.  Decided May 11, 1898.

1.  **Leaving Gate Open—Construction of Statute.**

The statute, Penal Code, article 794, making it an offense to willfully leave open a gate leading into the inclosure of another without consent of the owner, embraces within the meaning of "inclosure" pasture as well as cultivated lands; the statute does not bear the construction that it was intended only to protect agricultural crops.

2.  **Same—Charge—Particeps Criminis.**

On a trial for willfully leaving open the gate of another, where the evidence shows that the two brothers of defendant were particeps criminis, it is not error for the court to charge the jury that if defendant, acting alone or in concert with others, did willfully and without consent of the owner leave open the gate in question, he would be guilty.

3.  **Improper Argument—Allusion to Defendant's Failure to Testify.**

Where the county attorney in his closing argument said, "The defendant failed to get on the stand as a witness for himself, and should have done so," this constitutes reversible error, the defendant having saved an exception, notwithstanding the court immediately stated that said remarks were excluded from the consideration of the jury. The statute prohibiting such allusion is imperative. Following Hunt v. State, 28 Texas Criminal Appeals, 149.

APPEAL from the County Court of Bosque. Tried below before Hon. W. B. THOMPSON, County Judge.

Appeal from a conviction for willfully leaving open a gate to the inclosure of another without his consent; penalty, a fine of $10.

The case is sufficiently stated in the opinion.

No briefs for either party have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of willfully, and without the consent of the owner thereof, opening and leaving open a gate leading into the inclosure of another, under article 794, Penal Code, and appeals.

The evidence on the trial showed the inclosure to be a pasture. It is contended by appellant that, in order to constitute an offense under the article in question, the inclosure should be cultivated land, and that said article was intended only to protect agricultural crops. The statute does not bear out this construction.

There were several charges asked by appellant, and refused by the

court. We will not enter into a discussion of these, as the law was properly given in the court's charge as it applied the law to the evidence adduced. Nor did the court err in charging the jury that if the defendant, acting alone or in concert with others, did willfully, and without the consent of the owner, open and leave open the gate in question, he would be guilty. The evidence discloses that his two brothers were with him at the time, and it is also indicated from the testimony that they were particeps criminis; and it would be immaterial which one opened the gate, or left it open. The testimony shows that defendant was in front, and opened the gate; that his two brothers came through the gate immediately after the defendant, and left the gate open, and they all rode away, and were compelled by the owner and his brother to return and close said gate.

Bill of exceptions number 4 recites that: "The county attorney used the following language in his closing argument to the jury, to wit: 'The defendant failed to get on the stand as a witness for himself, and should have done so.' Counsel for appellant excepted at once, by a proper bill." The court qualifies the bill of exceptions as follows: "When said remarks were made by the county attorney, and excepted to by defendant's counsel, the court immediately stated that said remarks were excluded from the consideration of the jury." This precise question came up in Hunt v. State, 28 Texas Criminal Appeals, 149, and the judgment was reversed. That case has been followed by this court in all subsequent cases. Why prosecuting officers will continue to refer to the refusal or failure of a defendant to testify·is incomprehensible. The statute is plain and imperative that the defendant's failure or refusal to testify shall not be alluded to or commented upon in the argument. Frequently reversals have been brought about by the action of prosecuting attorneys in violating this statute. If they insist upon this line of conduct, they impose the duty upon this court to reverse judgments of conviction. Where the statute has been violated as in this case, trial courts should grant new trials, and not force defendants to prosecute an appeal in order to cure such error. The judgment is reversed and the cause remanded.

*Reversed and remanded.*