### E. L. FLIPPIN V. THE STATE.

No. 19348.   Delivered December 15, 1937.
Rehearing granted March 9, 1938.
State's rehearing denied (without written opinion) April 20, 1938.

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Truett Smith,* District Attorney, of Tahoka, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft of property over the value of $50.00, and his punishment was assessed at confinement in the State Penitentiary for a term of two years.

Appellant's first and main contention is that the evidence is insufficient to justify and sustain his conviction, inasmuch as the seed, the alleged stolen property, were not identified as the seed that were stolen from Mr. Forbess.

It is true that the State relied entirely upon circumstantial evidence for a conviction, but we think that the circumstances proved are sufficient to connect the appellant with the offense.

In order that the basis for our conclusion may clearly appear from this opinion, we deem it necessary to briefly state the salient facts proved at the trial. During the night of April 16, 1935, some parties stole thirty-five sacks of recleaned sudan seed from C. M. Forbess of Terry County. The parties who committed the offense drove a truck with dual wheels to a place within 250 yards of where the seed were located, and then carried them to the truck. The tracks made by the truck indicated that all the tires with the exception of one were worn slick in the center. Appellant owned a Chevrolet truck with dual wheels, carrying tires which made a track similar to that found on Forbess' premises where the seed had been loaded. The seed were in oil mill meal sacks. On the forenoon of the 18th day of April, appellant and Gene Vicks sold thirty-five sacks of recleaned sudan seed to the Fort Worth Elevator and Warehouse Company, Fort Worth, Texas, for the sum of $282.28. Said seed were in oil mill meal sacks. Appellant sold the seed under the assumed name of J. W. Waters. A short time prior to the commission of the theft, appellant had his truck painted a black color, but a few days after the commission of said offense, Gene Vick painted said truck a white color. It was also shown that after the offense was committed, appellant disappeared from the community for several days. The check which was issued to him in payment of said seed was indorsed as follows: "J. W. Waters, Colo. City."

It is apparent from the foregoing statement of the facts that the seed taken from Forbess were recleaned seed, and were in oil mill meal sacks; that the amount taken was thirty-five sacks, containing approximately one hundred pounds per sack. The seed which appellant sold under an assumed name were recleaned seed of the same kind, in similar sacks, and were about the same quantity as taken from Forbess.

We think that these circumstances are sufficient to establish the identity of the seed sold by the appellant as the seed taken

from Mr. Forbess. Other facts proved, including the painting of the truck after the theft, the tracks made by the truck at the place where the offense was committed, the sale of the seed by appellant, and appellant's disappearance from home, add force and strength to the circumstances which connect him with the commission of the offense.

Appellant next complains of the court's charge. We have examined the same in the light of the objections addressed thereto, but find ourselves unable to agree with him that it is subject to the criticism addressed thereto, in view of the holding of this Court in Hankins v. State, 39 Texas Crim. Rep. 261, where a similar question to the one here presented, was decided adversely to appellant's contention.

By bill of exception number one, appellant complains of the testimony given by B. F. Reed, the person who purchased the sudan seed from appellant, to the effect that the check in the sum of $282.28, given in payment for the seed, payable to J. W. Waters, was written by Mr. George C. Ingraham, secretary and treasurer of the Fort Worth Elevator and Warehouse Company. The objection urged thereto by appellant was that Mr. Ingraham, himself, would be the best evidence of what the check was given for, and to establish the identity of his handwriting, etc.

We are not in accord with his contention. Mr. Reed testified that he was familiar with the handwriting of Mr. Ingraham; that he knew it when he saw it, and that the check was written by Ingraham. It is a well established rule of evidence in this State that the handwriting of a person may be established by, one who is familiar with it. See Powell v. State, 44 S. W. 504; Long v. State, 10 Texas Crim. Rep. 186 (192); Abbott's Trial Evidence, Vol. 2, p. 1001, Sec. 8.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In a motion for rehearing appellant insists that the State failed to prove the averment in the indictment which described the alleged stolen property as 2,500 pounds of "Sudan *grass* seed."

It is rather unusual that we find this record in the particulars mentioned in the same condition as appeared in the proof on the former appeal, the result of which is reported in 99 S. W. (2d) 307. In view of the contention then made by appellant we said in the former opinion: "On another trial proof should be pointed to the effect that the property alleged to have been stolen was *Sudan grass seed.*" Notwithstanding such suggestion, we find in the present statement of facts that the property alleged to have been stolen and the property of like kind is repeatedly referred to simply as "sudan" or "seed," and the name "Sudan seed" is used 56 times in the statement of facts, and the property lost is so called by the owner, but not one time is the property described as "Sudan *grass* seed," which is the description in the indictment. It may be that "Sudan grass seed" is commonly called "Sudan" or "Sudan seed"; if so, it would have been easy for the State to so show, but this Court has no way of knowing it in the absence of proof. The correct rule is stated in 41 Tex. Jur., p. 150, Sec. 96, as follows:

"A conviction can not be had for the theft of articles other than those alleged to have been stolen. Allegations descriptive of the thing stolen must be proved as alleged, and any material variance between the pleading and the proof is fatal. This rule is applicable even though the indictment may describe the property with unnecessary particularity, and no part of the description, whether necessary or unnecessary, can be rejected as surplusage."

In almost the same language as above quoted the rule is stated in Branch's Ann. Texas P. C., page 256, Sec. 498. Many cases are cited supporting the text by each author. We refer particularly to the following recent cases illustrating the same principle: Spencer v. State, 118 Texas Crim. Rep. 336, 42 S. W. (2d) 259; Maples v. State, 124 Texas Crim. Rep. 478, 63 S. W. (2d) 855; Scott v. State, 125 Texas Crim. Rep. 396, 67 S. W. (2d) 1040.

We regret the necessity of reversing cases for lack of evidence which apparently might have been easy to produce, but we have no power to remedy the defect by presumptions or conclusions.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is reversed and the cause remanded.