## E. L. FLIPPIN V. THE STATE.

No. 21167.   Delivered October 30, 1940.
Rehearing Denied January 8, 1941.
Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) January 22, 1941.

The opinion states the case.

*Tom L. Price* and *Joe S. Moss,* both of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This case has twice heretofore been before this Court. It is

first reported in 131 Texas Crim. Rep., 356, 99 S. W. (2d) 307, and again in 134 Texas Crim. Rep., 352, 115 S. W. (2d) 665, and upon this trial appellant was again found guilty and awarded a penalty of two years in the penitentiary.

The facts in this trial were, with a few minor exceptions, practically the same as those set forth in 134 Texas Crim. Rep., 352, 115 S. W. (2d) 665, and we refer to that report as to these facts.

Doubtless on account of the two previous trials of this case in Terry County, where the offense is alleged to have occurred, and the publicity given the matter in that county, the trial court upon his own motion changed the venue of this cause to Lynn County where this trial was had.

Appellant's bill of exceptions No. 1 relates to the fact that upon the jury being impaneled and the issue joined, the district attorney, in open court, made the following statement: "I offer in evidence order of the court on change of venue from Terry County to Lynn County," which order was then admitted under the ruling of the court, but same was not read to the jury, nor its contents shown to them. It appeared from the indictment that the offense set forth therein occurred in Terry County, and of course the jury had the indictment read to them. In order to show venue in Lynn County, this order changing the venue should appear in the record. We are not impressed with the gravity of the statement made by the district attorney that he was introducing in evidence something that the record required to be herein. We are cited to the Floyd case, 36 S. W. (2d) 739, as evidencing error in this bill. It is noted that the decrees, judgments and proceedings in the court from which the venue was changed were admitted before the jury and read in that case, and were made the basis of nine bills of exceptions. Not so, however, in this case. None of these orders were read nor shown to the jury. To the same effect do we find the further cases furnished us, the objectionable portion sustained by this court being based on the reading before the jury of the different orders, judgments and decrees that took place in the court of the first forum. There being no such reading of the orders in the present case, this bill is overruled.

Bill of exceptions No. 2 relates to the testimony of the then Sheriff Smith of Terry County in describing certain auto tire tracks found at the scene of the alleged theft and comparing same with tires found on appellant's truck. We think the objec-

tion thereto went to the weight rather than to the admissibility of the testimony. The sheriff testified that he made a diagram of the tracks at the time same were found at the scene, and that such tracks thus shown were similar to the tires on appellant's truck. This bill is overruled.

Bill of exceptions No. 3 complains of an annotation made on a check which was given in payment for 35 sacks of Sudan grass seed to a man positively identified as appellant but who gave his name at such time as J. W. Waters. This notation objected to was "3321 Sudan." This check was endorsed "J. W. Waters, Colo. City." This annotation was identified as being in the handwriting of Mr. Ingraham in whose handwriting the balance of the check was testified to have been made by a witness who unequivocally swore that he knew Ingraham's handwriting; that he had seen it many times. In our former opinion in this case 115 S. W. (2d) 665, this identical check was held to be admissible, and we here reiterate that statement. It was not necessary that such witness be a handwriting expert; he testified that he knew Ingraham's handwriting, and such check was in Ingraham's handwriting. See Flippin v. State, supra.

Bill of exceptions No. 4 complains of the fact that in questioning one of the witnesses herein relative to his testimony, the district attorney then asked such witness if he did not at a former trial hereof give certain testimony which would have been in contradiction to that given in the present trial. While it is true that a former trial of a case should not be referred to in the presence of the jury, in an effort at impeachment by a showing of different testimony being given at a former trial, it is sometimes necessary in laying a predicate to make reference to such former trial. It has even been held that a party may impeach his own witness under a claim of surprise when the witness gave testimony materially different from that given on a former trial, by showing such former statements. See Floyd v. State, 36 S. W. (2d) 739, and cases there cited on page 741. We also note that the bill does not show that the witness made any answer to the question, and also that the court's ruling thereon stated: "I have told them not to consider anything about there having been a previous trial as any evidence against this man." We see no error reflected in this bill.

We have disposed of all bills presented, and perceiving no error herein the judgment is affirmed.

## ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

We have given consideration to appellant's motion for rehearing and are strengthened in our view that the original opinion properly disposes of the case. The several questions raised were considered originally at great length. We find no authorities to sustain the contention in appellant's motion that the court erred in such conclusion and appellant has cited us to none. We, therefore, consider a further discussion inappropriate.

The motion for rehearing is overruled.