**Samuel T. WAFFER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46612.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 14, 1973.

Bert Creel, Tyler, for appellant.

Curtis L. Owen, Dist. Atty., Tom Tatum, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was by a jury on a plea of not guilty of assault with intent to rob; the punishment was enhanced to life under Art. 63, Vernon's Ann.P.C.

The sufficiency of the evidence to support the guilty verdict is challenged. Testimony showed that on March 22, 1971, two teenagers parked at Bellwood Lake near Tyler late at night. They were on the back seat of the automobile when another car drove up, three colored males got out, and came to the car occupied by the young couple. Appellant was positively identified on the trial by both the young people as the larger of the three. He had a rifle in his hand, was dressed in coveralls, and wore a goatee beard. The car was an old model Dodge or Plymouth, white in color, without any front grill and the front number plate was hanging down by one end. Appellant ordered the couple out of the car and ordered the boy to the back of the car, where he demanded money and the billfold, which was delivered by the boy because he was afraid not to. He had no money. Then the boy was placed in the trunk of the car, and all three black men proceeded to rape the girl in turns, one of them twice. After completion of the rapes, the couple was ordered to walk away undressed. They ran when they heard the rifle cocked, and soon came to a trailer house, and the occupants called the sheriff's office. When officers arrived, they related the details to them with a descrip-

tion of appellant and the automobile he and his companions were in. The officers then drove to a point near appellant's house. The old model automobile was parked nearby. It was immediately recognized by both the victims; the officers obtained a warrant for appellant and both the young people recognized him when he walked with the officers to their car. Testimony of both the boy and the girl was that they had ample opportunity to see and observe appellant at the scene of the crimes, that the officers did not suggest to them to identify appellant, but only to observe whether or not they could identify him, that they based their identification of appellant on what they saw when the offenses occurred, that there was a light nearby where the offenses occurred and they observed appellant several minutes and several times by that light. The arrest of appellant and his identification were all accomplished in approximately an hour after the offenses.

■ Appellant did not testify, and offered no defensive testimony except to question the amount of light available at the time and place of the offenses. We have read the entire record and find the evidence sufficient to sustain the guilty verdict.

Prior to the trial, appellant filed a written motion to suppress evidence of his identification by the two victims, because their identification resulted from undue suggestiveness by the officers, and he now argues additionally that he had no counsel present when he was viewed by these witnesses and had not waived counsel.

The court had a full hearing outside the presence of the jury before either witness was permitted to testify as to appellant's identity, as suggested in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, after which the witnesses were permitted to testify, and at the conclusion of the evidence the court placed in the record its findings as follows:

"THE COURT: Since the identification of the Defendant has been a contested issue in this case, the Court admitted the testimony relative to the in-Court identification of the witness because the Court felt at the time from all the evidence as it was produced was not tainted by any conduct or activity on the part of the officers or others making the investigation immediately following the transaction or incident giving rise to the offense charged, and since all of the testimony is now in the record, the court is further convinced that the in-Court identification of the Defendant was not tainted by any acts, conduct, suggestions or other conduct on the part of any of the officers connected with the investigation of the case."

In Garcia v. State, Tex.Cr.App., 472 S.W.2d 784, we find the following language:

"Appellant first contends the in-court identification by John Walker should not have been permitted since the 'one man show-up' conducted by the police at the hospital shortly after the alleged offense tainted such identification.

"There are a number of reasons why this contention is without merit.

"First, the evidence shows an excellent opportunity for the witness to have observed the appellant in the narrow driveway under good lighting conditions at the time of the alleged offense after the floodlight was turned on, and it appears the in-court identification was based upon these observations.

"Moreover, this court has in the past refused to extend the holdings of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, to an on or near the scene confrontation between a suspect and a witness occurring shortly after the commission of a crime or under other circumstances which necessitate a prompt identification. Watkins v. State,

Tex.Cr.App., 452 S.W.2d 444; Elliott v. State, Tex.Cr.App., 444 S.W.2d 914; Perryman v. State, Tex.Cr.App., 470 S. W.2d 703 (concurring opinion). Cf., however, the majority opinion in Perryman v. State, supra. While the record is silent as to counsel at the hospital confrontation, there appears to be no evidence of suggestiveness."

 After a careful review of the record we conclude that it fully sustains the findings of the trial court that the identification of appellant was not the result of suggestiveness by the officers, and was based upon the observations of appellant at the scene of the offenses.

We overrule grounds of error numbers one, two and four.

In. his grounds of error numbers three and five, appellant complains that the court allowed evidence of the identification of appellant prior to trial.

 The record reflects that all the evidence in regard to the identification by the State's witnesses of appellant when they saw him upon his arrest by the officers and when the girl was shown a number of photographs was first brought out in cross-examination by counsel for appellant. This of course permitted the State to ask further questions on the same subject. Frison v. State, Tex.Cr.App., 473 S.W.2d 479. To this appellant's counsel did not object. Grounds of error numbers three and five are overruled.

By his grounds of error numbers six and seven, appellant says that the court erred in admitting evidence of the rapes at this trial.

 We need only point out that the offenses of rape were interwoven with the assault with intent to rob, were a part of the res gestae, and were indeed a part of the same transactions, besides bearing upon the identity of appellant. The court did not err in admitting such evidence. Blasingame v. State, Tex.Cr.App., 477 S.W.2d 600; Lassere v. State, Tex.Cr.App., 458 S. W.2d 81; Abbott v. State, Tex.Cr.App., 472 S.W.2d 142; Webb v. State, Tex.Cr. App., 472 S.W.2d 760. Smallwood v. State, Tex.Cr.App., 464 S.W.2d 846.

We overrule grounds of error numbers six and seven.

Appellant calls our attention to the error of the court when he pronounced sentence in stating that the appellant had been convicted of the offense of robbery by assault. When formal sentence was entered of record this error was corrected and appellant was shown to be sentenced for the offense of assault with intent to rob; therefore, it will not be necessary for us to reform the sentence.

The judgment is affirmed.

Opinion approved by the Court.