**Melvin L. HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00570–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1987.

On Rehearing May 29, 1987.

---

2. Repealed by order of April 10, 1986, effective    Sept. 1, 1986, currently Tex.R.App.P. 84.

William J. Sayler, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., Charlie Strauss, Lyndee Ahnstedt and Edward Shaughnessy, III, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for theft of property of the value of $750 or more but less than $20,000, TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp. 1986), a third degree felony. The defendant was found guilty in a jury trial, and the court set his punishment at confinement for ten years.

The evidence established that the theft occurred at a Circle K convenience store in Bexar County. The defendant and two other males came in, looked around, and left. The two others returned; one asked permission to use the restroom, and the other kept the attention of the clerk/cashier by conversation. The restroom was adjacent to a storeroom where cigarettes were stored in a cabinet. The defendant stayed outside by his parked car with the car doors open. The man in the back came out carrying a garbage bag which he said contained trash. He walked out the door and gave the bag to the defendant. A police officer arrived at that moment and apprehended the defendant and one of the

others. The garbage bag was found to contain 65 cartons of cigarettes.

By three points of error the defendant attacks the proof of the value of the items stolen.

■ Value, as it relates to stolen property, is the fair market value of the property at the time and place of the offense. The fair market value is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. TEX.PENAL CODE ANN. § 31.08(a)(1) (Vernon 1974); *Senters v. State*, 163 Tex. Crim.R. 423, 291 S.W.2d 739, 740 (1956). These are the instructions that were given to the jury pertaining to value, and no error is urged in this regard. The jury was also instructed on the lesser included offense of theft of property of the value of over $200 and under $750.

The indictment charged the defendant with theft of "SIXTY–FIVE (65) CARTONS OF CIGARETTES ... which had AN AGGREGATE VALUE of Seven Hundred and Fifty Dollars ($750.00) or more but less than Twenty Thousand Dollars ($20,000.00), ..."

The clerk testified that the cartons of cigarettes stolen out of the cabinet in the storeroom were kept by the store to be sold in single packages of cigarettes at $1.33 per package. The cartons stolen contained 650 packs which would have sold for a total of $864.50 when sold for $1.33 per pack. She testified on cross-examination that elsewhere in the store there were cartons of cigarettes for sale at $8.79 per carton. The market value of 65 of those cartons, selling at $8.79 per carton, would be a total of $571.35.

The defendant argues that since the indictment charged theft of *cartons* of cigarettes, the State should not have been permitted to offer proof of the sale price of individual packages of cigarettes and that the State's proof was in variance with the allegations in the indictment. He further contends that the court should have directed a verdict of not guilty because the State failed to prove that the property stolen had a value of $750.00 or more.

The allegation that 65 cartons of cigarettes were stolen is an allegation describing the quantity of items stolen. It is an allegation that the State must prove, and the evidence here met that requirement. There is no rule of law that requires the State to offer its proof of value in the same corresponding units as those used in the indictment to describe the items stolen.

It was of course appropriate for the defendant to establish by cross-examination what the sale price of a carton of cigarettes would be and to attempt to convince the jury that the carton price should determine the fair market value.

It was equally permissible for the State to offer testimony as to the price for each package of cigarettes and to develop that the store had intended to sell the stolen cigarettes by the pack. Marketed in that manner the stolen items would have had an aggregate market value of over $750.00.

Both contentions were fairly presented to the jury, and the jury was appropriately instructed on the applicable law. The fact that the jury accepted the evidence of the highest value is not grounds for reversal. *Lane v. State*, 28 S.W. 202, 203 (1894). The verdict of the jury warranted punishment as a third degree felony. A defendant who steals a large quantity of merchandise is not entitled to a volume discount in the determination of the value of the property stolen. Points of error one, three and four are overruled.

In the remaining point of error the defendant complains of impermissible admission of evidence of an extraneous offense. The arresting officer testified that he saw the defendant holding two plastic bags which contained a total of 71 cartons of cigarettes. Since the defendant was only indicted for theft of 65 cartons of cigarettes, he opines that the testimony as to an additional 6 cartons of cigarettes would amount to evidence of an extraneous offense.

■ Assuming that this is evidence of an extraneous offense, there is no error. Where another offense is part of the case on trial or blended or closely interwoven

therewith, proof of all the facts is proper. *Waffer v. State*, 500 S.W.2d 659, 661 (Tex. Crim.App.1973). Under similar facts such evidence has been held to be properly admitted as *res gestae* of the arrest and of the offense. *Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim.App.1980), *cert. denied*, 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981).

Points of error are overruled, and the judgment of conviction is affirmed.

Before the court en banc.

## ON REHEARING EN BANC ON COURT'S OWN MOTION

CANTU, Justice.

The instant case presents a novel question requiring the attention of the entire court. Rehearing en banc is granted on the Court's own motion.

The facts as stated in the panel opinion are correct and will not be repeated. Likewise, the disposition of appellant's point of error complaining of admission of an extraneous offense is correctly addressed and will not be disturbed.

Appellant's remaining points of error are the subject matter of sharp disagreement between members of the Court. Because the upholding of these points of error call for the entry of a judgment of acquittal we quote these points of error in their entirety.

The trial court erred in permitting the State, over defendant's objection, to attempt proof of the value of the 65 cartons of cigarettes alleged as stolen in the indictment by proving the aggregate value of the owner's sale price for 650 individual packages of cigarettes if sold one at a time.

\* \* \* \* \* \*

There is a material variance between the allegations of the indictment as to the value of the stolen property described therein and the proof offered by the State in effort to prove such value.

The trial court erred in denying defendant's motion for a directed verdict of not guilty at the close of the testimony and after the State had rested for the reason that the State failed to prove by competent evidence that the property described in the indictment had a value of $750.00 or more.

The indictment in pertinent part alleged:

... on or about the 28th day of June, A.D., 1985, MELVIN L. HALL with intent to deprive the owner, namely: KAREN BROWN, of property, namely: SIXTY-FIVE (65) CARTONS OF CIGARETTES, did unlawfully appropriate said property by acquiring and otherwise exercising control over said property, said property being other than real property which had AN AGGREGATE VALUE of Seven Hundred and Fifty Dollars ($750.00) or more but less than Twenty Thousand Dollars ($20,000.00), ...

The indictment thus alleged a third degree felony. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp.1987).

During the case in chief the State was permitted, over repeated timely objection, to offer proof of the value of the 65 cartons of cigarettes described in the indictment by allowing the State's witness to testify as to the sale price of a single package of cigarettes when sold one at a time. The witness was then permitted, over continued objection, to testify that the unit price of $1.33 for a single package would aggregate to a value of $865.50 when multiplied by 650, the number of single packages in 65 full cartons.

Appellant had previously filed and urged his motion in limine seeking to prevent just such manner of proving aggregate value.

Only two witnesses testified, both for the State, on the subject matter of the theft. Each testified as to a specified number of cartons taken and recovered following the theft.

Neither witness testified that a particular number of packages had been taken or that each carton was complete with ten packages each. Thus there is no evidence of the actual number of packages taken. On the other hand all references are to the taking of cartons and presumably each was full when taken.

The panel opinion recognized that the allegation in the indictment making reference to 65 cartons of cigarettes being stolen was an allegation describing the quantity of items stolen. It further recognized that the State was bound to make such proof but erroneously concluded that the State met this burden. In doing so the panel alluded to the lack of a rule of law that requires the State to offer its proof of value in the same corresponding unit as that used in the indictment to describe the items stolen.

It is elementary criminal law that allegations descriptive of the thing stolen must be proved as alleged and any material variance between the pleading and the proof is fatal. This rule is applicable even though the indictment may describe the property with unnecessary particularity, and no part of the description, whether necessary or unnecessary can be rejected as surplusage. *Flippin v. State*, 134 Tex.Cr.R. 352, 115 S.W.2d 665 (1937).

 The State sought to indict for the theft of *cartons* and not packages. The State's proof supports theft of cartons and not packages. The only proof of packages was, as pointed out *supra*, proof that a carton contains ten packages. Nor was there an attempt to show that 650 packages were taken. Although we agree that evidence of the number of packaged contained in a carton is relevant to prove that full cartons were taken, we cannot agree that proof of value of individual packages is pertinent to a showing of value of sixty-five cartons.

Such a rule, we believe will play havoc with theft indictments if the State is allowed to offer proof of the value of components rather then value of the unit item alleged to have been taken. The accused should be able to rely upon the State to prove the allegation as made and not as the State intended to allege.

Suppose the evidence showed that the complainant regularly sold individual cigarettes at 25 cents each. Would the State be justified in proving the value of 65 cartons through proof that 13,000 cigarettes were taken each having a value of 25 cents

for an aggregate total of $3,250.00? We think not.

The rule on market value is as recognized by the panel opinion. Fair market value is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. TEX.PENAL CODE ANN. § 31.08(a)(1) (Vernon 1974). However, we believe the property in question to be 65 *cartons* of cigarettes and not 650 packages. The property *in question* was determined by the State through indictment. To now change the *in question* portion over repeated objection seems highly prejudicial. Not even the recently amended TEX.CODE CRIM.PROC. ANN. art. 28.10 (Vernon Pamp.1986) goes so far as to permit trial by surprise.

The panel opinion placed great reliance upon the manner in which the cigarettes were marketed. We fail to see the relevance of such distinction. It would be just as correct to observe that the cigarettes were marketed for sale in cartons. In fact the evidence showed that cartons were sold at a price of $8.79 each. We believe that it is not the intended use that should be controlling but rather the use which the State alleges and undertakes to prove. Given that the State made its election, it should have to live with the consequences of that election. A felony theft conviction cannot be sustained under § 31.03(e)(4)(A) unless the value of the items alleged in the indictment are proved to be $750.00. *Cf. Ballinger v. State*, 481 S.W.2d 731 (Tex.Crim. App.1972). We sustain appellant's challenges upon variance and order an acquittal of felony theft.

The cause is remanded to the trial court to enter an order of acquittal as to felony theft.

DIAL, J., dissents without opinion.