Daryl Lynn **RASMUSSEN**, Appellant,

v.

**The STATE of Texas, State.**

**No. 2–91–023CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1991.

Rehearing Denied Jan. 28, 1992.

Office of the Public Defender, Carson F. Grimm, Wichita Falls, for appellant.

Barry L. Macha, Crim. Dist. Atty., and John W. Brasher, Asst., Wichita Falls, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Daryl Lynn Rasmussen, was convicted by a jury of theft of property valued at more than $750.00 but less than $20,000.00. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp.1991). Punishment enhanced by prior felony convictions was assessed by the jury at sixty years.

We affirm.

On August 4, 1990, Rasmussen picked up three cases of cigarettes from the Furr's Supermart, put them on a dolly and attempted to leave the building with them. When Rasmussen was questioned by one of the employees about what he was doing, he said that he worked for the cigarette company. The employee requested a credit slip and when Rasmussen was unable to produce one, he tried to escape. Another employee of Furr's was able to apprehend him.

Rasmussen raises seven points of error. In his first and second points, Rasmussen argues the State failed to introduce any competent evidence of the value of the property allegedly stolen, thus, the evidence is insufficient as a matter of law to support a conviction.

The State utilized the testimony of the manager of Furr's to establish the cost of the cigarettes. The manager prepared a register tape of the value of cartons of cigarettes rather than cases of cigarettes, because Furr's purchases cigarettes by the carton.

Value, as it relates to stolen property, is the fair market value of the property at the time and place of the offense. TEX.PENAL CODE ANN. § 31.08(a)(1) (Vernon 1989). The fair market value is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. TEX.PENAL CODE ANN. § 31.-08(a)(2). Rasmussen points out that in *Hall v. State*, the court held the property in question was stated by the State through indictment, and in the indictment the appellant was charged with theft of 65 *cartons* of cigarettes, thus, proof of the value of 650 *packages* of cigarettes was reversible error; he argues that this case is indistinguishable from his own. *Hall v. State*, 730 S.W.2d 7, 10–11 (Tex.App.—San Antonio 1987, pet. ref'd) (en banc opinion on reh'g). We disagree.

▮ In the present case, the State set out to prove the value of a case of cigarettes by the aggregate value of the cartons inside, because a case has no value outside of the aggregate value of the cartons it contains. Cigarettes are ordered by the carton, not by the case, the case is nothing more than packaging and has no value independent of the cartons it contains. In *Hall* packages of cigarettes and cartons of cigarettes had values which were independent of one another. More importantly, the indictment in *Hall* alleged the defendant had stolen sixty-five cartons of cigarettes which had an aggregate value of $571.35. This could not sustain a felony theft conviction under section 31.03(e)(4)(A) which requires the items alleged be $750.00, thus, the prosecution put on evidence of the unit price for a single package of cigarettes to establish a value of $865.50 for the 650 packages. *Id.* This is clearly distinguishable from the present case where the case has no value apart from the cumulative value of the cartons contained within it. The evidence of the aggregate value of ninety cartons of cigarettes was sufficient to prove the value of three cases of cigarettes. Competent evidence of the value of the property stolen was entered into evidence, therefore no reversible error is shown. Rasmussen's first and second points of error are overruled.

▮ In his third point of error Rasmussen claims reversible error occurred when the State introduced evidence of an unadjudicated extraneous offense at the punishment phase of the trial. When a party attempts to adduce evidence of "other crimes, wrongs or acts," in order to preserve error on appeal, the opponent of that evidence must object in a timely fashion. *Montgomery v. State*, 810 S.W.2d

372, 386 (Tex.Crim.App.1991) (opinion on reh'g). Appellant made no objection to the introduction of the evidence, and thus the error is waived. Tex.R.App.P. 52(a). Rasmussen further argues the harm created by the admission of this evidence was so great that it constituted fundamental error. We disagree. The evidence had relevance to rebut the defense's theory of mistake or accident. *Id.* The defense attempted to show that Rasmussen was a good samaritan attempting only to help the store by pushing the cigarette cases out the door. Evidence of the extraneous offenses was properly admitted to rebut this theory. Rasmussen's third point of error is overruled.

■ In his fourth point of error, Rasmussen argues the prosecution's jury argument was so inflammatory that it was reversible error. The complained about argument went as follows:

> I notice the defense has completely changed their strategy in midstream, have they not? What did he get up on voir dire and tell you all? That our defense is going to be lack of intent to deprive. What happened to that? Did that disappear? He told you that. Mr. McNeill got up in his opening statement and said something about someone telling him to go in and—told the defendant to go in and pick up these cigarettes. What happened to that? Are they scrambling? Do they know they're caught redhanded? I'm afraid so. Looking for anything they can grab hold of.

Rasmussen argues this argument was an attempt by the prosecutor to strike at the defendant over the shoulders of his counsel. We disagree. In opening argument defense counsel argued Rasmussen was a well-intentioned good samaritan, who did not intend to deprive the owner of his property. In his closing argument defense counsel stated the jury could infer from the actions of Rasmussen that he intended to deprive the owner of his property. In order to be proper, jury arguments must be within the areas of (1) summation of the evidence; (2) reasonable deduction for the evidence; (3) answer to argument of oppos-

ing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973).

■ We find the prosecutor's statements to be an answer to the argument of opposing counsel, and therefore within the test set out in *Alejandro. Id.* Even if the argument was error it is not reversible because the defense conceded in its jury argument that the defendant was guilty of intent to deprive the owner of property and argued only that the prosecution failed to produce evidence for the value of the cigarettes. *Thompson v. State*, 537 S.W.2d 732, 735 (Tex.Crim.App.1976) (argument not reversible error where same argument by prosecutor already in front of jury without objection). Thus, the prosecutor's statements were responding both to the argument that defendant had the intent required for the offense, and that the prosecution failed to produce evidence of the value of the cigarettes.

■ Rasmussen cites *United States v. McDonald*, for his argument that the prosecution's argument was incurable error. *United States v. McDonald*, 620 F.2d 559, 563 (5th Cir.1980). However, *McDonald* is a case where the prosecutor impugned the integrity of the defendant's lawyer and the court held, "No prosecutor, however, may impugn the integrity of a particular lawyer or that of lawyers in general, without basis in fact, as a means of imputing guilt to a defendant." *Id.* at 564. In the present case, the prosecutor is not making a personal attack on the counsel of Rasmussen. Thus, for the reasons stated above Rasmussen's fourth point of error is overruled.

■ In his fifth point of error Rasmussen argues the amendment made to the indictment effectively charged the appellant with a different offense. The indictment returned by the grand jury in this cause charged Rasmussen with the theft of one case of cigarettes. Subsequently, an amendment was made which charged Rasmussen with the theft of three cases of cigarettes. According to article 28.10 of the Texas Code of Criminal Procedure:

> (a) After notice to the defendant, a matter of form or substance in an indict-

ment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

. . . .

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced. TEX.CODE CRIM.PROC.ANN. art. 28.10 (Vernon 1989). The original indictment states, "defendant . . . did then and there unlawfully, intentionally, and knowingly appropriate, by acquiring and otherwise exercising control over, property, to-wit: one case of cigarettes of the value of $750.00 or more but less than $20,000.00." The original indictment charges Rasmussen with theft under TEX.PENAL CODE ANN. § 31.03(e)(4)(A), and the amended indictment charges him with the same offense. Rasmussen is clearly charged with the same offense in both indictments. The test to determine whether the appellant was charged with a different offense is had appellant been tried and found guilty on the original indictment, would double jeopardy have barred trial on the amended indictment? *See Rose v. State*, 807 S.W.2d 626, 629 (Tex.App.—Houston [14th Dist.] 1991, no pet.). We find that double jeopardy would bar a subsequent trial. Rasmussen's fifth point of error is overruled.

■ In his sixth point Rasmussen claims the representation of his counsel fell below the objective standard of reasonable effectiveness to such a degree that his conviction was unfair. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. First, a defendant must show that counsel's performance was deficient; second, a defendant must show that the deficient performance prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

■ With regard to a defendant's contention that his counsel was not functioning as the "counsel" guaranteed him by the sixth amendment of the United States Constitution, judicial scrutiny of counsel's performance must be highly deferential. *Id.*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. There is a strong presumption that counsel's performance falls within the "wide range of professional assistance," and a defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305, 323 (1986). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.*, 477 U.S. at 381, 106 S.Ct. at 2586, 91 L.Ed.2d at 323. *See also Butler v. State*, 716 S.W.2d 48 (Tex.Crim.App.1986).

■ Concerning the second prong of *Strickland*, this requires a showing that counsel's alleged errors were so serious as to deprive a defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. It is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding, *id.*, 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697; he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

■ Basically, the question for our review is whether there is a reasonable probability that absent the alleged errors, the fact-finder would have had a reasonable doubt respecting guilt. *See id.*, 466 U.S. at 695, 104 S.Ct. at 2069, 80 L.Ed.2d at 698. In making this determination we must consider the totality of the evidence before the

jury, and the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *See id.*

 Rasmussen argues his trial counsel abandoned his defense. In considering the totality of the evidence in front of the jury we find there was more than a reasonable probability the jury could have found Rasmussen guilty. There was testimony from a delivery man and the assistant manager that Rasmussen was in the process of taking the three cases of cigarettes away in a dolly when he was questioned and tried to escape.

Next, Rasmussen specifically argues that his counsel failed to object to hearsay testimony and to statements made by the prosecution and complained of in his fourth point of error. Generally, an *isolated failure to object* to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim.App.1984). Thus, defense counsel's failure to object did not constitute ineffective assistance of counsel.

Rasmussen further argues that during the punishment phase of trial, his counsel ineffectively dealt with the introduction of evidence of an unadjudicated extraneous offense argued about in point of error three. Because appellant's complaint of ineffective assistance of counsel deals with the punishment phase of the trial, we must use the standard enunciated in *Ex parte Duffy,* 607 S.W.2d 507 (Tex. Crim.App.1980), the standard used before the United States Supreme Court handed down *Strickland v. Washington. See Ex parte Cruz,* 739 S.W.2d 53, 57–58 (Tex. Crim.App.1987). In *Ex parte Duffy,* the court held that effectiveness of counsel was to be judged by the standard of "reasonably effective assistance of counsel." *Ex parte Duffy,* 607 S.W.2d at 516. Under this standard, the sufficiency of an attorney's assistance is gauged by the totality of his representation of the accused. *Ex parte Cruz,* 739 S.W.2d at 58. The constitutional right to counsel does not mean errorless counsel or counsel whose competency is to be judged by hindsight. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim. App. [Panel Op.] 1981). In viewing the totality of Rasmussen's representation we find Rasmussen received effective assistance of counsel. Rasmussen's sixth point of error is overruled.

Rasmussen's seventh point of error is overruled because it presents nothing for review.

Judgment is affirmed.