COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-426-CR
  
  
JOSHUA 
ADAM KOUDELKA                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Joshua 
Adam Koudelka appeals from his convictions 
for sexual assault of a child and indecency with a child in two points.  
Koudelka complains that the trial court erred by failing to grant a mistrial 
following two separate allegedly improper jury arguments during the punishment 
phase of his trial.  We affirm.
II. Background
        Fourteen-year-old 
Miriam[2] was a freshman at Martin High School when 
she met twenty-four-year-old Koudelka, who was a substitute teacher.  She 
testified that he was aware of her age.  Shortly thereafter, they began 
corresponding by e-mail.  A little over a month later, on June 2, 2003, 
Miriam invited Koudelka to lunch at her home just before she was to leave on a 
church-camp trip.  After a short delay when Miriam’s father briefly 
returned home unexpectedly, Koudelka arrived at the house and parked at a 
neighbor’s house because “he didn’t want to arise suspicion.”  
After lunch, they went upstairs to the media room where one thing led to 
another—kissing, breast and genital contact, and eventually sexual intercourse 
for which Koudelka wore a condom that he had brought with him.  He told 
Miriam not to tell anyone what had occurred.
        Following 
the church-camp trip, Miriam and Koudelka resumed corresponding by e-mail.  
A week later, Miriam told Koudelka that she felt that he had manipulated her and 
taken advantage of her.  His response was that maybe it should not have 
happened but that she should not regret it.  They continued corresponding 
until mid-July, 2003, when Miriam went on a youth ministry trip.  During 
the trip she told several people, including a youth counselor and a youth 
minister, about her romantic interlude.  Miriam’s mother was informed of 
the situation, the police were notified, and an investigation ensued.  
Officer Warman interviewed Miriam, as did Detective Frias, who obtained a signed 
statement from her.  Frias contacted Koudelka who, after initially denying 
that he had contact with students outside of school, admitted having sex with 
Miriam.  He consented to an examination of his e-mails, undertaken by 
Officer Weaver, and eventually turned himself in to authorities.  At some 
point he admitted to his mother, according to her testimony at trial, that he 
had sex with Miriam.
        Koudelka 
was indicted and tried before a jury who heard testimony from Miriam, 
Koudelka’s mother, and Officers Warman, Weaver, and Frias during the 
guilt/innocence phase of the trial.  Several witnesses were also called 
during the punishment phase of the trial:  Erica Tinney, a CPS 
investigator, testified about an interview she had with Margo, who was sixteen 
years old at the time of the interview and stated that she had slept in 
Koudelka’s bed while his parents were at home, was kissed in a way that made 
her feel uncomfortable, and could feel his erect penis when he hugged her.  
Melissa testified that she was a student at Martin High School and that Koudelka 
hugged her in an inappropriate manner—the hugs were “more of a thrust from 
his lower half”—and she “felt his penis.”  Jennifer Staples, a 
probation officer explained to the jury how probation worked for a sex 
offender.  Donald Whitsel, David Price, and Kitty Ferguson testified on 
behalf of Koudelka, as did his aunts, Susan Jung and Rebecca Price.
        Koudelka 
was found guilty on all three counts as charged.  The jury assessed 
punishment at two years’ confinement for the sexual assault of a child, and 
ten years’ and four years’ probation, respectively, for the two counts of 
indecency with a child.
III. First Point
        In 
his first point, Koudelka complains that the trial court erred by failing to 
grant a mistrial following jury argument by the prosecutor during the punishment 
phase of the trial:
  
He was there only subbing six brief days, and he accomplished a lot in six brief 
days.  You heard from [Miriam], but then you also got to hear from 
[Melissa], didn’t you?  You think [Melissa] liked being here?  I’d 
submit to you she did not.  But what a coincidence, she too was a 
freshman.  She too had just turned 15.  And then there’s [Margo], 
who spent two nights at the defendant’s house right under his mother’s eyes.
  
Which 
kind of leads us to something else, doesn’t it?  Community supervision, 
he does his time in our community.  There is his probation 
department.  And bless their hearts, they want to protect him, and they 
couldn’t bring themselves to even admit to you that it was wrong to do what he 
did.  Do you really think when they’re called on, that they will come 
forward and say [Koudelka] has got another 14-year-old playmate?  You think 
that’s going to happen?  That’s not going to happen.
  
So 
then what are we left with?  We’re left with the Community Supervision 
Department, and, you know, if I was any good at math, I might be a surgeon too 
and I’m not.  But I do understand the significance of this number and I 
think you folks do too.  650, the ratio, 650 to 19.  That’s 19 
individuals who have kids, who get sick, who get burned out, who don’t want to 
come to work.
 
 
        An 
objection to the last paragraph was followed by an instruction to disregard, 
which was followed by the denial of a motion for mistrial.
A. Analysis
        There 
are four areas of proper jury argument: (1) evidence summation, (2) reasonable 
evidence deduction, (3) addressing opposing argument, and (4) a law enforcement 
plea.  Rasmussen v. State, 822 S.W.2d 707, 711 (Tex. App.—Fort 
Worth 1991, pet. ref’d).  To determine if the alleged improper argument 
falls within the purview of one of these areas, it is considered in the context 
of the entire record.  See Sandoval v. State, 52 S.W.3d 851, 
857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  The denial of a 
motion for mistrial is reviewed under an abuse of discretion standard, and 
granting such a motion will only be warranted when the improper argument is so 
”prejudicial that expenditure of further time and expense would be wasteful 
and futile.”  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 
2004).  The determination of 
whether such an abuse of discretion occurred is made by examining: (1) the 
severity of the misconduct, (2) the curative measures that were taken, and (3) 
the certainty of the punishment assessed absent the improper argument.  Id.  
Otherwise, an instruction to disregard generally suffices.  Primes v. 
State, 154 S.W.3d 813, 815 (Tex. App.—Fort Worth 2004, no pet.)
B. Application
        Koudelka 
argues that the jury argument in question “substantially affected the 
conviction because the argument focused the jury’s attention on matters not 
pertinent to disposition of the case.”  During the punishment phase of 
the trial, Koudelka called Jennifer Staples, a probation officer, to 
testify.  During her cross-examination she testified that 19 probation 
officers supervise 650 sex offenders in Tarrant County and often rely on 
interviews with family members to determine compliance with community 
supervision conditions.
        Koudelka 
called witnesses on his behalf during the punishment phase, including his 
mother, who said that her son was an adult and had no particular rules around 
her house and that she did not know that a fourteen-year old girl (Margo) had 
spent two nights there in the summer of 2003.  Susan Jung, an aunt, refused 
to acknowledge that it would be improper for a teacher to date a 
fourteen-year-old student, and was unaware that Koudelka had e-mailed Miriam 
from her house.  Rebecca Price, an aunt, characterized sneaking into a 
man’s house to have sex with his fourteen-year-old daughter as “a normal 
thing that many teenagers go through” and that such a description of what had 
occurred was “totally stupid.”
        Hence, 
when making the complained-of argument, the prosecutor was in part summarizing 
the evidence of Jennifer Staples and in part making a reasonable deduction from 
the evidence from the attitude of Koudelka’s relatives.  Only the final 
sentence of the complained-of argument, regarding supervising personnel who get 
sick, have kids, get burned out, and do not want to come to work, was 
improper.  A review of the Hawkins factors demonstrates that the 
severity of the improper argument was minimal, a curative instruction was made 
by the court, and an examination of the record as a whole demonstrates that the 
certainty of the punishment assessed absent the improper argument was just that, 
a certainty.  Koudelka’s first point is overruled.
IV. Second Point
        In 
his second point, Koudelka complains that the trial court erred by failing to 
grant a mistrial following a second alleged improper jury argument during the 
punishment phase of the trial, wherein the prosecutor argued, “And if [Margo] 
was in any kind of shape to come up here and testify, she’d be here.”  
An objection was followed by an instruction to disregard and the denial of a 
motion for mistrial.  Previously, Koudelka’s counsel has pointed out to 
the jury that the jury had heard from a CPS employee instead of from Margo 
herself.
        Turning 
again to the Hawkins factors, the State was to some extent responding to 
the argument of Koudelka’s counsel, albeit with evidence outside the record, 
and which was, in any case, not severe misconduct.  Further, the court 
sustained the objection to the argument and instructed the jury to disregard the 
comment.  Lastly, like Koudelka’s first point, it can be said with 
certainty that the punishment was certain in the absence of the argument.  
Koudelka’s second point is overruled.
V. Conclusion
        Having 
overruled Koudelka’s two points, we affirm the judgment of the trial court.
    
    
                                                                  PER 
CURIAM
   
   
PANEL 
F:   MCCOY, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
“Miriam,” “Margo,” and “Melissa” will be used as pseudonyms for the 
minors.