MEMORANDUM OPINION
 
 [1]
 

 BOB McCOY, Justice.
 

 I.Introduction
 

 A jury found appellant, Lloyd Nash Primes, guilty of aggravated assault and sentenced him to twenty years’ imprisonment. In one point on appeal, Primes complains that the trial court erred when it denied his motion for mistrial after the prosecutor “compared” him with Ted Bun-dy during the State’s closing argument at punishment. We will affirm.
 

 II.Background Facts and Procedural History
 

 During the punishment phase of the trial, a prosecutor for the State made the following jury argument:
 

 You have to send a clear signal to people like this because they think you’re not going to do anything to him. They think because the sympathy, you know, by bringing his mother in here and his grandmother in here that you’re going to say, you know what, he got to get back home. Who put himself in this situation. Who time and time again has had — -she’s had to be brought in here in a wheelchair. Who has caused that. It’s a cause and effect. Every time he does something, they’re going to come to his rescue. Every time. And it’s a sad commentary but that’s a mama’s boy.
 
 You know, Ted Bundy’s mother loved him too.
 
 [Emphasis added.]
 

 Primes objected to the argument as “outside the scope of the evidence” and “inflammatory.” The trial court sustained Primes’s objection and instructed the jury to disregard the prosecutor’s comment but denied his motion for mistrial.
 

 III.Jury Argument
 

 In his sole point on appeal, Primes contends that the trial court erred when it denied his motion for mistrial.
 

 To be permissible, the State’s jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
 
 Felder v. State,
 
 848 S.W.2d 85, 94-95 (Tex.Crim.App.1992),
 
 cert. denied,
 
 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993);
 
 Alejandro v. State,
 
 493 S.W.2d 230, 231 (Tex.Crim.App.1973).
 

 When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.
 
 Hawkins v. State,
 
 135 S.W.3d 72, 77 (Tex.Crim.App.2004). Only in extreme
 
 *801
 
 circumstances, where the prejudice caused by the improper argument is incurable, 1.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.
 
 Id.; see also Simpson v. State,
 
 119 S.W.3d 262, 272 (Tex.Crim.App.2003),
 
 cert. denied,
 
 — U.S. -, 124 S.Ct. 2837, 159 L.Ed.2d 270 (2004). An instruction to the jury to disregard an improper jury argument is generally sufficient to cure error.
 
 Shannon v. State,
 
 942 S.W.2d 591, 597 (Tex.Crim.App.1996).
 

 In determining whether the trial court abused its discretion in denying the mistrial, we consider: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.
 
 Hawkins,
 
 135 S.W.3d at 77;
 
 Mosley v. State,
 
 983 S.W.2d 249, 259 (Tex.Crim.App.1998) (op. on reh’g),
 
 cert. denied,
 
 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999).
 

 Assuming, without deciding, that the prosecutor’s argument was improper, we conclude that the trial court did not abuse its discretion when it denied Primes’s motion for mistrial. Contrary to Primes’s contention, the prosecutor’s argument did not “compare” Primes with Ted Bundy.
 
 See Guerrero-Lara v. State,
 
 No. 13-01-00099-CR, 2002 WL 1765543, at *4 (Tex.App.-Corpus Christi Aug. 1, 2002, no pet.) (not designated for publication) (reading prosecutor’s statement not as a comparison of appellant with Adolph Hitler and Charles Manson but as a statement “that all persons have good and bad days”);
 
 Alford v. State,
 
 Nos. 05-98-00262-CR, 05-98-00263-CR, 2000 WL 175115, at *6-7 (Tex.App.-Dallas Feb. 16, 2000, no pet.) (not designated for publication) (stating that prosecutor used Ted Bundy “as an example to demonstrate that even people who commit repeated egregious acts may be hard working,” not to compare appellant with Bundy). Here, the prosecutor’s comment that “Ted Bundy’s mother loved him, too” merely pointed out to the jury that it is normal for a mother to love her child, even when they commit bad acts, and was intended by the prosecution to counter any sympathy for Primes invoked by the testimony of Primes’s mother, grandmother, and sister during the punishment phase of the trial. Further, the trial court, in response to a request by Primes’s defense counsel, promptly instructed the jury to disregard the prosecutor’s comment. Finally, as to the certainty of the punishment, the record supports the punishment assessed by the jury, absent the misconduct.
 
 [2]
 
 There was evidence presented at trial that Primes twice struck the victim with a pipe and that both blows were aimed at the victim’s face. The first blow fractured the victim’s left arm while the second blow struck her in the face requiring stitches to close the laceration. At the time of trial, the victim testified that she was still experiencing pain and that she needed surgery on her arm. There was also evidence before the jury that Primes, on three prior occasions, had been convicted of assault and had once been convicted of burglary.
 

 We conclude, under the circumstances of this case, that the trial court’s instruction to disregard was effective and cured the
 
 *802
 
 prejudice, if any, caused by the prosecutor’s improper comment. Accordingly, we hold that the trial court did not abuse its discretion when it denied Primes’s motion for mistrial.
 
 See Hawkins,
 
 135 S.W.3d at 77;
 
 Mosley,
 
 983 S.W.2d at 259.
 

 IV. Conclusion
 

 We overrule Primes’s point and affirm the trial court’s judgment.
 

 [1]
 

 .
 
 See
 
 Tex.R.App. P. 47.4.
 

 [2]
 

 . We note that the punishment assessed by the jury was at the lower end of the punishment range. Primes was convicted of aggravated assault, which was punishable by not less than two, or more than twenty years.
 
 See
 
 Tex. Penal Code Ann. § 12.33 (Vernon 2003), § 22.02 (Vernon Supp.2004-05). However, because the indictment contained an enhancement count, to which Primes pleaded "true," Primes could have been sentenced to anywhere between five and ninety-nine years to life.
 
 See
 
 Tex. Penal Code Ann. § 12.32 (Vernon 2003), § 12.42(b) (Vernon Supp. 2004-05).