Affirmed and Memorandum Opinion filed April 19, 2007








Affirmed and Memorandum Opinion filed April 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00346-CR

____________

 

DEMETRIC CLEOPHUS HUDSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 1042149

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Demetric Cleophus Hudson, appeals following his
conviction for felony assault on a family member and sentence of fifteen years
in prison.  In his first four points of error, appellant argues that the trial
court erred when it excluded certain evidence.  In his fifth point of error,
appellant contends that the trial court erred by denying his motion for
mistrial after Amanda Johnson, complainant and appellant=s former fiancé,
testified about extraneous bad acts.  In appellant=s final point of
error, he complains that the trial court denied him his right to a fair trial
and due process by permitting the State to present its theory of the case while
not allowing him to present his own theory of the case.  We affirm.








I.  Exclusion of Evidence

In his first three points of error, appellant complains
about various evidence excluded by the trial court which he claims was in
violation of the Rules of Evidence.  At trial, appellant attempted to introduce
evidence of (1) violent acts allegedly committed by complainant against
appellant and his wife, and (2) evidence of multiple police reports (some of
which appellant intended to show were false) that complainant allegedly filed
against appellant. 

We review a trial court=s decision to
admit or exclude evidence for abuse of discretion.  Osbourn v. State, 92
S.W.3d 531, 537 (Tex. Crim. App. 2002).  A trial court abuses its discretion if
it acts outside the zone of reasonable disagreement.  Burden v. State,
55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  If the trial court=s ruling is
supported by the record and is correct under any theory of law applicable to
the case, we uphold that ruling.  Brito Carrasco v. State, 154 S.W.3d
127, 129 (Tex. Crim. App. 2005).  This is true even when the trial court gives
the wrong reasons for its decision.  Romero v. State, 800 S.W.2d 539,
543 (Tex. Crim. App. 1990).








Appellant argues that the evidence should have been
admitted under Tex. R. Evid.
613(b) to impeach complainant, as a witness, with proof of her bias or
interest.  Appellant failed to lay the proper predicate that Rule 613(b)
mandates.  In order to impeach a witness with proof of bias or interest, Rule
613(b) requires that the circumstances supporting such a claim be made known to
the witness and that the witness must be given an opportunity to explain or
deny such circumstances.  Tex. R. Evid.
613(b).  This procedure is required before any other evidence regarding the
bias or interest is allowed.  Id.  In this case, appellant first
attempted to elicit the evidence through witnesses other than complainant
before complainant had even testified.[1] 
Thus, appellant did not comply with Rule 613(b).  As a result, it was not error
for the trial court to exclude the evidence per Rule 613(b).  See Willingham
v. State, 897 S.W.2d 351, 358 (Tex. Crim. App. 1995) (AWhen a party does
not lay the proper predicate for impeaching a witness, it is not error to
refuse to allow the admission of such testimony.@) (citing to Moore
v. State, 652 S.W.2d 411, 413 (Tex. Crim. App. 1983)).  

Appellant contends that the evidence should also have been
admitted pursuant to Tex. R. Evid. 404(b). 
To be admissible, evidence of other crimes, wrongs, or acts must be relevant
apart from indicating mere character conformity.  Tex. R. Evid. 404(b).  Even if an extraneous offense is
relevant apart from character conformity, it may still be excluded if its
relevance is substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403; Montgomery v.
State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991); Brown v. State,
96 S.W.3d 508, 511 (Tex. App.CAustin 2002, no pet.).  Questions of
relevance should be left largely to the trial court, relying on its own
observations and experience.  Moreno v. State, 858 S.W.2d 453, 463 (Tex.
Crim. App. 1993).  

Appellant argues that he was offering the evidence to prove
complainant=s Amotive to lie,@ rather than to
show character conformity.  Appellant developed this idea more fully at trial
in stating:

AMy whole theory on
this case . . . is . . . hell hath no fury like a woman scorned, et cetera, et
cetera.  All of these incidents go right into Ms. Johnson=s [complainant=s] frame of mind .
. . to show an ongoing continuous course of conduct designed to get this man in
prison, to punish him as much as she can because of her hatred of him for
dumping her and marrying a different woman.@    

In
other words, appellant intended to use the evidence of complainant=s violence against
appellant and his wife together with complainant=s false police
reports to show that complainant had a jealousy-motivated vendetta against
appellant inspiring her untruthful accusations in this case.








Assuming without deciding such evidence is relevant for a
purpose other than to show character conformity, its relevance must not be
substantially outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403; Montgomery,
810 S.W.2d at 387.  We find that any relevance of the evidence of the alleged
prior violence and false police reports is substantially outweighed by its
danger of unfair prejudice.  First, assuming the evidence had any probative
value, it was very limited.  In addition, the jury was thoroughly exposed to
appellant=s theory that complainant had a motive to lie.  See
Tex. R. Evid. 403 (stating
that relevant evidence may be excluded if its relevance is outweighed by the danger
of Aneedless
presentation of cumulative evidence@).  For example,
in his closing argument, appellant=s trial counsel
encapsulates some of the evidence demonstrating complainant=s motive to lie:

What motive?  Let=s talk about motive.  What motive
does Amanda Johnson [complainant] have to lie about this?  Let=s talk about motive.  What motive
does Mr. Willis have to lie about this?  Okay.  Amanda Johnson=s motive.  You heard from her.  She=s heartbroken.  She told the workerCHPD workerCsocial worker that she was still in
love with him.  Said that she knew she was aware that she was violating a
protective order.  You=ve heard how she uses her son as a
pawn when she doesn=t like what he=s doing.  How she found out that he
proposed to her [appellant=s wife].  You heard some garbage about him proposing to her, to Amanda
Johnson . . . . 

So, what motive does Amanda JohnsonCremember I asked
you during voir dire what does hell hath no fury like a person scorned?  Well,
the expression is hell hath no fury like a woman scorned.  And we=ve all seen
jealous people before.

The probative value of the evidence appellant complains of
in his first three points of error is limited when put in the context of the
entire trial.  Moreover, the relevance of this evidence would necessarily be
packaged with the prejudicing effects of complainant=s alleged
misdeeds.  See Mumphrey v. State, 155 S.W.3d 651, 665 (Tex. App.CTexarkana 2005,
pet. ref=d) (finding that
evidence of the complainant=s alleged assaults of the appellant Anecessarily
[brought] with it collateral matters beyond the purpose stated by trial counsel@).  As a result,
we find that the trial court, pursuant to the Rules of Evidence, was not
outside a zone of reasonable disagreement in excluding the evidence.  We
overrule appellant=s first three points of error. 








In his fourth point of error, appellant argues that the
trial court denied him his rights under the Confrontation Clause of the United
States Constitution by refusing to permit the evidence of police reports
allegedly filed by complainant against appellant.  Appellant has failed to
preserve this point of error for review.  At trial, appellant never objected to
the exclusion of the evidence as a violation of the Confrontation Clause.  A
defendant=s objection that encompasses complaints under both the
Texas Rules of Evidence and the Confrontation Clause is not sufficiently
specific to preserve error.  Reyna v. State, 168 S.W.3d 173, 179 (Tex.
Crim. App. 2005) (citing Cantu v. State, 939 S.W.2d 627, 634 (Tex. Crim.
App. 1997).  Such an objection does not satisfy the party=s burden to do A>everything
necessary to bring to the judge=s attention the evidence, rule or statute
in question and its precise and proper application to the evidence in question.=@  Id.
(citing Martinez v. State, 91 S.W.3d 331, 335-36 (Tex. Crim. App.
2002)).  The same rationale applies for the proffer of evidence rather than an
objection.  Id.  One must A>clearly articulate= that the
Confrontation Clause demanded admission of the evidence@ so that the trial
court has an A>opportunity to rule upon= this rationale.@  Id.
(quoting Clark v. State, 881 S.W.2d 682, 694 (Tex. Crim. App. 1994)). 
At no point in the record did appellant argue that his rights under the
Confrontation Clause, or even under the United States Constitution generally,
demanded admission of evidence.  As a result, appellant has failed to preserve
his complaint.  Tex. R. App. P.
33.1; Reyna, 168 S.W.3d at 179; Fox v. State, 175 S.W.3d 475, 484
(Tex. App.CTexarkana 2005, pet. ref=d).  We overrule
appellant=s fourth point of error.

II.  Denial of Motion for
Mistrial

In appellant=s fifth point of
error, he claims that the trial court erred in denying his motion for mistrial
when complainant testified as to extraneous bad acts of appellant.  The
following transpired during the prosecutor=s direct
examination of complainant:

Q:      Okay.  Do
you remember, have you dated [appellant] all along for five years or have you
broken up and gone a couple of months and got back together?

A:      WeCMr. Hudson [appellant]
actually went into rehab.  And when he went into rehabCat that point he
had beaten me up to where I got myCmy first he [sic]
protective order on him.  AndC

Mr. Carroll:   I=d objectCobject, Your
Honor.








The Court:    Basis
for your objection.

Mr. Carroll:   I=d object to
matters outside the scope of this recordCoutside the actual
alleged assault on March 16th.  It=s highly
prejudicial.  And this witness should have been instructed about not talking
about that from the prosecutor.          

The Court:    Okay. 
Your objection is sustained.

Mr. Carroll:   And, Your Honor, I=m going to ask that you instruct
the jury to disregard.

The Court:    The
jury will disregard that comment.

Mr. Carroll:   Defense
moves for mistrial.

The Court:    That=s denied.  Let=s move along.

We review the trial court=s denial of a
motion for mistrial under an abuse of discretion standard.  Hawkins v. State,
135 S.W.3d 72, 77 (Tex. Crim. App. 2004); Primes v. State, 154 S.W.3d
813, 814 (Tex. App.CFort Worth 2004, no pet.).  A mistrial is
the trial court=s remedy for improper conduct that is Aso prejudicial
that expenditure of further time and expense would be wasteful and futile.@  Hawkins,
135 S.W.3d at 77 (citing Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim.
App. 1999)).  A witness= inadvertent reference to an extraneous
offense is generally cured by a prompt instruction to disregard.  Rojas v.
State, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).  An exception exists
when the testimony is clearly calculated to inflame the minds of the jury or
was of such damning character as to suggest that it would be impossible to
reverse the harmful impression from the juror=s minds.  Id.








Appellant contends that complainant=s response was
calculated to inflame the minds of the jury.  Appellant does not develop this
contention other than to state Athe complainant had demonstrably ill-will
against Mr. Hudson [appellant] and wanted him to go to jail for assaulting her.@  The nature of
criminal litigation is such that the complainant will often have ill feelings
toward the accused.  We cannot conclude based on that fact alone that when a
complainant references an extraneous act, they are intending to inflame the
jury=s minds.  We
similarly do not find the testimony to be of such damning character as to
suggest that it would be impossible to reverse the harm resulting from it. 
Consequently, we find that the trial court=s instruction to
disregard cured any error.  See Whitaker v. State, 977 S.W.2d 595, 600
(Tex. Crim. App. 1998) (holding the trial court=s instruction to
disregard cured error when witness testified that the appellant was abusive
towards her); Paster v. State, 701 S.W.2d 843, 848 (Tex. Crim. App.
1985) (finding instruction rendered testimony about appellant=s alleged
involvement in two extraneous murders harmless).  The trial court did not abuse
its discretion in denying appellant=s motion for
mistrial.  We overrule appellant=s fifth issue.

III.  Denial of Right to Present Case








In his final issue, appellant contends that Athe trial court
denied Mr. Hudson [appellant] his right to a fair trial and due process of law
under both the United States and the Texas Constitutions when [it] permitted
the State to present its theory of the case but refused to allow the defense to
present its theory of the case.@  We find that appellant was allowed to
present his theory of the case.  As referenced above, appellant=s trial counsel
encapsulated the Awhole theory on this case@ as Ahell hath no fury
like a woman scorned@Cthat complainant=s jealousy of
appellant and his relationship with his current wife led complainant to falsely
accuse appellant of the charged assault.  Appellant was able to present
numerous pieces of evidence which supported this theory.[2] 
Furthermore, appellant complains here about the same excluded evidence discussed
in his first four points of error.  Under those points, we decided the trial
court properly handled the disposition of that evidence.  Appellant also
briefly mentions various pieces of evidence the prosecutor offered at trial
which were allowed into evidence.  In almost every instance, however, appellant
did not object to the evidence.  Appellant does not develop why the court=s ruling was
incorrect in the few portions of the record he cites in which he did object.  In
sum, we find that appellant was allowed to present the theory of his case and
was not unfairly burdened by the State=s presentation of
its case.  We overrule appellant=s sixth point of
error.

We affirm the judgment of the trial court. 

 

 

 

 

 

 

/s/      Adele Hedges

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 19, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).                                                              

 

 









[1]  Appellant also attempted to discuss some of this
evidence during his opening argument to the jury.





[2]  See infra p. 4 (referencing appellant=s trial counsel=s
closing argument which summarized some of the evidence supporting his theory on
the case).