NO.
12-07-00057-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DONALD
WAYNE BENNETT,      §                      APPEAL FROM THE

APPELLANT

 

V.        §                      217TH
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA COUNTY, TEXAS

                                                                                                                                                      


            MEMORANDUM OPINION

            Appellant
Donald Wayne Bennett was convicted of three counts of sexual assault of a
child.  Appellant raises five issues on
appeal.  We affirm.

 

Background

            The four year old daughter of
Appellant’s girlfriend told her paternal grandmother that Appellant had been “messing
with” her and had sexually penetrated her with his sexual organ.  The grandmother took the child to a local
hospital emergency room.  Following an
examination, it was determined that the child’s hymen had been torn in a manner
consistent with sexual intercourse.  The
child had also told the grandmother that Appellant had placed a ring (of the
type worn on the hand as jewelry) inside the child’s vagina.  This was confirmed at the hospital as
well.  A piece of the ring was extracted,
the remainder having been corroded away inside the child’s body.

            Following an investigation,
Appellant was indicted on three counts of sexual assault of a child.  A jury found Appellant guilty of all three
counts and assessed Appellant’s punishment at sixty years of imprisonment and a
$10,000 fine on the first count and fifty years of imprisonment and a $2,500
fine for each of the other two counts. 
This appeal followed.








Hearsay Objection to Outcry Witness

            Appellant’s first issue is that the
trial court erred in overruling his hearsay objection to the grandmother’s
testimony regarding the child’s outcry to the grandmother.  The trial court held a hearing on the
objection.  Appellant contends that, at
the hearing, the trial court erroneously placed the burden of proof on
Appellant by requiring him to prove the grandmother’s testimony was hearsay,
despite the fact that it was actually the State’s burden to prove the testimony
was admissible.  See Long v. State,
800 S.W.2d 545, 548 (Tex. Crim. App. 1990) (“As proponent of the evidence, the
State had the burden to satisfy each element of this predicate for admission of
the . . . testimony pursuant to Art. 38.072, . . . or to provide some
other exception to the hearsay rule.”).  

            Rule 33.1(a) of the Texas Rules of
Appellate Procedure states as follows:

 








As
a prerequisite to presenting a complaint for appellate review, the record must
show that:

 

                (1) the complaint was made to
the trial court by a timely request, objection, or motion that:

 

(A) stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make the trial
court aware of the complaint, unless the specific grounds were apparent from
the context; and

 

(B) complied with the requirements of the Texas Rules
of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and

 

                (2) the trial court:

 

                                (A) ruled on the
request, objection, or motion, either expressly or implicitly; or

 

(B) refused to rule on the request, objection, or
motion, and the complaining party objected to the refusal.








            

Tex. R. App. P. 33.1(a).  Appellant did not object to or otherwise
complain about the trial court’s alleged shifting of the burden of proof at
trial.  Therefore, this matter is not
preserved for appellate review. See Tex. R. App. P. 33.1(a).

            Appellant also argues that the trial
court failed to make the requisite findings that the statements were “reliable
based on time, content, and circumstances of the statements.”  See Tex.
Code Crim. Proc. Ann. art. 38.072, § 2(b) (Vernon 2005) (stating that,
for a trial court to find a hearsay outcry statement admissible, the trial
court must find “that the statement is reliable based on the time, content, and
circumstances of the statement”).  Again,
Appellant did not object to or otherwise complain about the trial court’s
alleged failure at trial.  Therefore,
this matter is also not preserved for appellate review. See Tex.
R. App. P. 33.1(a).








            Finally, Appellant contends that the
notice provided regarding the outcry testimony, as required by the Texas Code
of Criminal Procedure, was inadequate.[1] See Tex. Code Crim. Proc. Ann. art. 38.072,
§ 2(b)(1).  Article 38.072 of the
Code of Criminal Procedure sets forth an exception to the hearsay rule.[2]








  It is the burden of the State, as the
proponent of the testimony, to prove each and every element required by article
38.072. Long, 800 S.W.2d at 548. 
Generally, an objection that a statement is “hearsay” will be considered
to be sufficient to have apprised the trial court of a defendant’s complaint
that one or more of the requirements of article 38.072 have not been met. See
id.

            Appellant objected to this testimony
as “hearsay.”  (He then clarified his
objection stating as follows:  “And, Your
Honor, under 38.072[,] the statements must be determined by the [trial court]
to be reliable as far as time, content, and circumstances . . . .  Your honor, the basis for my objection is . .
. the State is offering testimony without me having an opportunity to test the
reliability of the statement.”  Thus,
Appellant’s very specific objection was not a blanket hearsay objection that
would preserve a complaint as to all elements of article 38.072.  Instead, this objection was a complaint only
as to the issue of reliability.  As such,
Appellant’s objection was not sufficient to preserve his notice complaint. See Tex.
R. App. P. 33.1(a).

            Having held that Appellant failed to
preserve the complaints raised in this issue for review, we overrule Appellant’s
first issue.

 

Confrontation
of Witness

            Appellant’s second issue is that he
was denied his federal constitutional right to confrontation of his
accusers.  At trial, Appellant objected
to the grandmother’s testimony due to hearsay and an “opportunity regarding
confrontation.”  Appellant stated that “I
don’t have an opportunity to cross-examine regarding these particular
statements . . . .”  The trial court,
after that statement, immediately gave Appellant an opportunity to “cross-examine
her,” speaking of the grandmother, which Appellant proceeded to do.  After the grandmother was examined the first
time by Appellant, the trial court asked him whether there was “[a]nything else
as to hearsay?”  Appellant and the State
then further examined the grandmother regarding the child’s outcry
statement.  After both sides completed a
thorough examination and cross examination, the trial court overruled Appellant’s
hearsay objection, but did not address Appellant’s confrontation
objection.   

            The trial court evidently perceived
the focus of Appellant’s objection to be hearsay.  Appellant did not object to the trial court’s
failure to rule on his confrontation objection. 
Rather, Appellant seemed satisfied that the trial court had permitted
him to address all issues he raised concerning the grandmother’s
testimony.  Thus, Appellant successfully
made a confrontation objection, but he did not obtain a ruling on the objection
nor object to any refusal to rule, and no ruling is implicit from the
record.  Therefore, Appellant failed to
preserve error, if any. See Tex. R. App. P. 33.1(a).

            We note that in cases of fundamental
error, appellate courts may still review complaints arising from instances
where no objection was ever lodged.  Saldano
v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).  However, the Texas Court of Criminal Appeals
has “consistently held that the failure to object in a timely and specific
manner during trial forfeits complaints about the admissibility of evidence.”  Id. at 889.  This is true even though the error may
concern a constitutional right of the defendant.  Id.  As such, we overrule Appellant’s second
issue.

 

Motion for
Mistrial

            In his third and fourth issues,
Appellant complains that the trial court erred by denying his motions for
mistrial following the admission of testimony regarding two extraneous bad
acts.  

Standard
of Review

            An appellate court reviewing a
trial court’s ruling on a motion for mistrial must utilize an abuse of
discretion standard of review and must uphold the trial court’s ruling if that
ruling was within the zone of reasonable disagreement.  Wead v. State, 129 S.W.3d 126,
129 (Tex. Crim. App. 2004) (citing Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999); Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh’g)). 
In addition, the appellate court must review the trial court’s ruling in
light of the arguments that were before the trial court at the time it
ruled.  Wead, 129 S.W.3d at
129 (citing Tex. R. App. P. 33.1;
Dragoo v. State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003)).  The appellate court may not fault the trial
court on the basis of arguments not presented to the trial court.  Wead, 129 S.W.3d at 129.








            The question of whether a
mistrial should have been granted involves “most, if not all, of the same
considerations that attend a harm analysis” under Texas Rule of Appellate
Procedure 44.2. See Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004).  A mistrial is
the appropriate remedy for improper conduct that is “so prejudicial that
expenditure of further time and expense would be wasteful and futile.”  Id. (quoting Ladd,
3 S.W.3d at 567).  “In effect, the trial
court conducts an appellate function: determining whether improper conduct is
so harmful that the case must be redone.”  Hawkins, 135 S.W.3d at 77.  When a trial court conducts such a harm
analysis, it should do so in light of its curative instructions, if any.  Id.

            Ordinarily, a prompt instruction
to disregard will cure error associated with an improper question and answer,
even one regarding extraneous bad acts.  Ovalle
v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (citing Fuller
v. State, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992)).  On appeal, appellate courts generally presume
the jury followed the trial court’s instructions in the manner presented.  See Thrift v. State, 176 S.W.3d
221, 224 (Tex. Crim. App. 2005).  The
presumption is refutable, but the appellant must rebut the presumption by
pointing to evidence that the jury failed to follow the trial court’s
instructions.  Id. (citing Colburn
v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998)).  In the context of motions for mistrial
following the admission of an inadmissible extraneous bad act,

 

[it] is well-settled that testimony referring to or
implying extraneous [bad acts] can be [cured] by an instruction to disregard by
the trial judge, unless it appears the evidence was so clearly calculated to
inflame the minds of the jury or is of such damning character as to suggest it
would be impossible to remove the harmful impression from the jury’s mind.

 

 

Kemp
v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (citing Gardner
v. State, 730 S.W.2d 675, 696-97 (Tex. Crim. App. 1987); Davis v.
State, 642 S.W.2d 510, 512 (Tex. Crim. App. 1982)).  Therefore, an appellant must either rebut the
presumption that the jury followed the trial court’s instruction or
successfully argue that “it would be impossible to remove the harmful
impression from the jury’s mind.”  See
Thrift, 176 S.W.3d at 224; Kemp, 846 S.W.2d at
308.  In either case, a trial court does
not abuse its discretion by denying a mistrial unless the improper conduct is “so
prejudicial that expenditure of further time and expense would be wasteful and
futile.” See Hawkins, 135 S.W.3d at 77; Ladd, 3
S.W.3d at 567.








            Should an appellate court hold that
a trial court abused its discretion by failing to grant a mistrial, the
appellate court must then conduct a harmless error review under Texas Rule of
Appellate Procedure 44.2.  Hawkins,
135 S.W.3d at 76-77; see Tex. R.
App. P. 44.2.  Here, the trial
court’s denial of a mistrial, if erroneous, would be nonconstitutional error. Cf.
Hawkins, 135 S.W.3d at 77 (treating a failure to grant a mistrial as
nonconstitutional error).  Therefore,
such an error, if any, would not warrant reversal unless it had a substantial
and injurious effect or influence in determining the jury’s verdict.  See King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
In addressing such a question, we should consider (1) the prejudicial
effect of the event, (2) the curative measures taken, and (3) the certainty of
conviction absent the event.  See Austin
v. State, 222 S.W.3d 801, 815 (Tex. App.–Houston [14th Dist.] 2007,
pet. ref’d) (citing Hawkins, 135 S.W.3d at 77); Primes v.
State, 154 S.W.3d 813, 815 (Tex. App.–Fort Worth 2004, no pet.) (also
citing Hawkins, 135 S.W.3d at 77).  We should also remember that “[a]n
instruction to disregard normally cures error concerning . . . the
admission of evidence.”  See Hughes
v. State, 878 S.W.2d 142, 156 (Tex. Crim. App. 1993) (op. on reh’g)
(citing Stoker v. State, 788 S.W.2d 1, 13 (Tex. Crim. App. 1989);
Woods v. State, 653 S.W.2d 1, 5 (Tex. Crim. App. 1982)).  Further, we should be concerned with the
integrity of the process leading up to the conviction, not the propriety of the
outcome of the case.  See Harris v.
State, 790 S.W.2d 568, 587-88 (Tex. Crim. App. 1989).  Finally, we should hold that an error is
harmless unless Appellant rebuts the presumption that the jury followed the
trial court’s instruction or successfully argues that “it would be impossible
to remove the harmful impression from the jury’s mind.”  See Thrift, 176 S.W.3d at 224; Kemp,
846 S.W.2d at 308.  In the end, we must
determine whether a rational trier of fact might have reached a different
result if the error and its effects had not resulted. See Harris,
790 S.W.2d at 588.  








            In some instances, the court of
criminal appeals has chosen to omit one or more of the above harmless error
considerations or to focus on a single dispositive element.  For example, in Hughes, the
court of criminal appeals stated that where “a defendant offers the same
testimony as that objected to, or the same evidence is introduced from another
source, without objection, the defendant is not in [a] position to complain on
appeal.”  Hughes, 878
S.W.2d at 156 (quoting Stoker, 788 S.W.2d at 13).  This rule was reaffirmed by the court of
criminal appeals in Leday v. State, 983 S.W.2d 713, 717-18 (Tex.
Crim. App. 1998).  Therefore, in such an
instance, appellate courts may properly omit the above considerations and focus
on this dispositive factor.[3]

Discussion

            Appellant’s third issue involves a
motion for mistrial following testimony from the child’s grandmother, as an
outcry witness, that the child told her Appellant had made the child (a four
year old) use marijuana.  Appellant’s
fourth issue involves a motion for mistrial following testimony from Lufkin
Police Department Detective David Cross that Appellant had been previously
arrested for an aggravated assault charge. 
In both instances, Appellant objected. 
Each time, the trial court sustained the objection and instructed the
jury to disregard the testimony, thereafter denying a motion for mistrial.

            Marijuana

            Appellant’s third issue relates to
the following exchange, which occurred during the direct examination of the
child’s grandmother:

 








Q.            Around February 27th of ‘06, did [the child] tell you
something that you found disturbing?

 

A.            Yes . . . .

 

Q.            What did [the child] tell you?

 

A.            That Dee had put his thing inside of her.

 

Q.            What context did this conversation come up in?

 

A.            When I was bathing with her.  And I just decided to ask her, had anybody
that shouldn’t have been touching her down there been touching her; and she
said yes.  And I said, “Who?”  And she said, “Dee.”

 

Q.            Is Dee what she uses to call [Appellant].

 

A.            Uh-huh.

 

Q.            What else did she tell you about [Appellant]?

 

A.            She said he also made her smoke brown cigarettes, which
was marijuana - - 

 








                [DEFENSE COUNSEL]:     Excuse
me.  I’m going to object.

 

. . . .

 

                [DEFENSE COUNSEL]:     I’m
going to object as [that was an] extraneous offense, Your Honor.  404(b).








 

(emphasis
added).  The trial court sustained the
objection.  After a prompt request, the
trial court also issued an instruction that the jury disregard the testimony
regarding the marijuana and that the jury not consider such testimony for “any
purpose at all.”  Defense counsel then
promptly moved for a mistrial, which the trial court denied.

            Appellant has offered no evidence to
rebut the presumption that the jury followed the trial court’s
instruction.  See Thrift,
176 S.W.3d at 224.  Instead, Appellant
argues that this testimony was of such a nature that it would be impossible to
remove the harmful impression from the jury’s mind. See Kemp, 846
S.W.2d at 308.  Certainly, if the jury
believed the evidence in question, it would have been outraged.  Nonetheless, by this time in the trial, the
jury had already heard testimony from Nurse Norma Sanford and the child’s
grandmother that the child told them Appellant “had put his thing inside of
[the child]” and that Appellant had placed a ring inside the child.  If the jury believed that testimony, it would
be similarly outraged.  Further, the
child’s statement that Appellant made her use marijuana did not make these
other already admitted statements more or less believable.  When considering the prejudicial nature of
the admissible testimony already offered against Appellant, we cannot conclude
that this excluded testimony, which the trial court instructed the jury to
disregard, was, at that point in the trial, “so prejudicial that expenditure of
further time and expense would be wasteful and futile.”  Therefore, the trial court did not abuse its
discretion in denying Appellant’s first motion for mistrial.  See Hawkins, 135 S.W.3d at 77; Ladd,
3 S.W.3d at 567.

            Aggravated Assault Charge

            Appellant’s fourth issue is that the
trial court erred in denying his motion for mistrial after  Detective Cross testified that Appellant had
been arrested for another charge of aggravated assault.  The following exchange occurred at trial:

 








Q.            You got three different warrants for [Appellant] based on
the three different allegations [of sexual assault] that you talked about?








 

A.            Yes, ma’am.

 

. . . .

 

Q.            How did you come up with these dates?

 

A.            [Appellant] was arrested on February the 8th for
aggravated assault.

 

Q.            That’s not [this] sexual assault [case], though, correct?

 

A.            That’s not [this] sexual assault [case].  That’s another situation.

 

                [DEFENSE COUNSEL]:     Judge,
excuse me[,] I’m going to object to that, Your Honor, under 404(b).

 

                [STATE]:                               I
think it’s - - it has to show that the time frame of when she was
assaulted.  He was incarcerated after
February 8th, so we have to show the time frame of when this happened.  But, as he mentioned, it had nothing to do
with - - he was incarcerated for something else, not anything to do with
this.  And he was given notice under
404(b).

 

 

                [DEFENSE COUNSEL]:     Your
Honor, I have to object[,] Your Honor. 
It’s - - it’s an extraneous offense. 
It gives him the tendency to appear to be a criminal.








            The trial court sustained the
objection “as to the offense,” stating that the prosecutor could ask Detective
Cross if Appellant had “access to the child after February 8th.”  After a prompt request, the trial court also
instructed the jury to disregard the testimony “as to any other offense” and
not to consider it for any purpose. 
Appellant then moved for a mistrial, which the trial court denied.  Appellant argues that the testimony of
Detective Cross and the State’s oral response to defense counsel’s objection, when
taken together, required a mistrial.








            There are four facts that can be
discerned from the above testimony and objections: (1) Appellant was arrested
on February 8, (2) on a charge of aggravated assault, (3) which was not based
upon the sexual assaults of the child that were currently before the jury, but
(4) did result in some form of incarceration. 
Later in the trial, during defense counsel’s direct examination of
Appellant, Appellant testified that he spoke with “the detective that came up
there to see [him] in jail.”  Appellant
later testified that the detective who came to speak with him had been
Detective Cross.  He also testified that
he had been unable to contact Child Protective Services regarding the child
because “I was locked up. . . . And I tried to call them, but I was locked
up.  They won’t accept collect calls from
the county jail . . . .”  Finally,
Appellant stated that he had been “incarcerated” during the time of the
investigation.  As such, the presentation
to the jury of the fact that Appellant had been arrested and incarcerated
during that time period was rendered harmless. See Hughes, 878
S.W.2d at 156; Leday, 983 S.W.2d at 717-18.

            We must now determine whether the
error, if any, in the admission of the testimony that Appellant had been
charged with an unrelated aggravated assault was harmful.  See Tex.
R. App. P. 44.2.  During the State’s
cross examination of Appellant, the following testimony was elicited:

 








Q.            Okay.  Is [the
child’s mother] scared of you?

 

A.            No, ma’am.

 

Q.            Okay.  But you’ve
assaulted her before, correct?

 

A.            Yes, ma’am.

 

Q.            Okay.  Is that
funny?

 

A.            No, ma’am.

 

Q.            Why are you laughing?

 

A.            (No verbal response.)

 

Q.            You’d assaulted her on more than one occasion.  Is that true?

 

A.            On more than one occasion?

 

Q.            Yes.

 

A.            Yes, ma’am.

 

. . . .

 

Q.            Right.  Sir, you
said you didn’t graduate from high school?

 

A.            That’s true.

 

Q.            What grade did you drop out of?

 

A.            12th.  I got kicked
out.

 

Q.            For what?

 

A.            Me and the principal got into it, and they [threatened
to] put criminal charges on me if I was to [ever] come up there [again].








 

Q.            Okay.  You got in a
physical altercation?

 

A.            No.  We just
exchanged words, and she called the cops.

 

Q.            Okay.  So you have
a temper?

 

A.            Yeah, you could say.

 

Q.            In fact, you have - - you have some convictions out of
Nacogdoches County, correct?

 

A.            Yes, ma’am.

 

Q.            You’ve been convicted of theft?

 

A.            Yes, ma’am.

 

Q.            You’ve been convicted of assault out of Nacogdoches
County?

 

A.            Causing bodily injury, yes, ma’am.








            

Appellant
also admitted that he had sometimes gone by an alias and that he had failed to
be gainfully employed for most of his adult life.  

            Taking the full record into account,
including the trial court’s prompt jury instruction, we hold that Appellant’s
later testimony rendered Detective Cross’s testimony harmless.  See Austin, 222 S.W.3d
at 815; Primes, 154 S.W.3d at 815.  Further, while valid concerns exist that
declaring the State’s conduct harmless would encourage the State to repeat it,
we believe our holding will not do so because it is limited to the facts in
this case.  See Nelson v. State,
893 S.W.2d 699, 704 (Tex. App.–El Paso 1995, no pet.). 

            Cumulative Effect

            As a subissue of his third and
fourth issues, Appellant argues that the cumulative effect of the alleged
errors, when considered in the aggregate, require a reversal of Appellant’s
conviction.  We disagree.  For the reasons discussed above, these
alleged errors, even when considered in the aggregate, were harmless.  Therefore, we overrule Appellant’s third
and fourth issues.  See Tex.
R. App. P. 44.2.

 

Appellant’s
Post-Arrest Silence








            In his fifth issue, Appellant
contends the trial was flawed because the State used his “post-arrest silence
as a circumstance indicating his guilt.” 
Appellant admits that no objection was made to these errors, if any.
Therefore, Appellant’s complaints are not preserved for appellate review.  See Tex.
R. App. P. 33.1(a).  Nonetheless,
Appellant argues that these alleged errors constituted fundamental errors and
did not require preservation.  See
Saldano, 70 S.W.3d at 887. 
However, the alleged errors surround trial testimony that was given
without objection and a closing argument relying on such trial testimony.  As we noted above, the Texas Court of
Criminal Appeals has “consistently held that the failure to object in a timely
and specific manner during trial forfeits complaints about the admissibility of
evidence.”  Id. at
889.  This is true even though the error
may concern a constitutional right of the defendant.  Id.  As such, we overrule Appellant’s fifth issue.

 

Disposition

            We affirm the judgment
of the trial court. 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion
delivered December 21, 2007.

Panel consisted of Worthen, C.J., Griffith, J, Hoyle,
J..

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The State’s written
notice to Appellant stated

 

3.  a) The outcry witnesses for Count II are [the
victim’s grandmother] and . . . .  A
written summary of the outcry statement intended to be offered for Count II is
as follows:

 

             Jane Doe (pseudonym) told [her
grandmother] . . . that she was hurting in between her legs.  Jane Doe (pseudonym) told [her grandmother]
that [Appellant] makes her undress[.]

 

Nonetheless,
the actual testimony offered by the State was more expansive.  The grandmother testified that the child told
her Appellant had put his penis inside the child, “would give [the child]
change and money,” and would “clean[ the child] up” after sexual episodes.  Also, the grandmother testified that the
child told her Appellant had placed a ring inside the child’s vagina.





[2] Article 38.072 reads
as follows:

 

Sec. 1.
This article applies to a proceeding in the prosecution of an offense under any
of the following provisions of the Penal Code, if committed against a child 12
years of age or younger:

 

(1)
Chapter 21 (Sexual Offenses) or 22 (Assaultive Offenses);

 

(2)
Section 25.02 (Prohibited Sexual Conduct); or

 

(3)
Section 43.25 (Sexual Performance by a Child).

 

Sec. 2.
(a) This article applies only to statements that describe the alleged offense
that:

 

(1) were
made by the child against whom the offense was allegedly committed; and

 

(2) were
made to the first person, 18 years of age or older, other than the defendant,
to whom the child made a statement about the offense.

 

(b) A
statement that meets the requirements of Subsection (a) of this article is not
inadmissible because of the hearsay rule if:

 

(1) on
or before the 14th day before the date the proceeding begins, the party
intending to offer the statement:

 

(A)
notifies the adverse party of its intention to do so;

 

(B)
provides the adverse party with the name of the witness through whom it intends
to offer the statement; and

 

(C)
provides the adverse party with a written summary of the statement;

(2) the
trial court finds, in a hearing conducted outside the presence of the jury,
that the statement is reliable based on the time, content, and circumstances of
the statement; and

 

(3) the
child testifies or is available to testify at the proceeding in court or in any
other manner provided by law.

 

Tex. Code Crim. Proc. Ann. art. 38.072.





[3] “One exception [to this exception] is that the defendant’s testimony,
which constituted other evidence of the fact that was proved over the defendant’s
objection, was impelled by the State’s introduction of evidence that was
obtained in violation of the law.”  Leday, 983 S.W.2d at 718-19.  The other exception is that the harmful
effect of improperly admitted evidence is not cured by the fact that the
defendant sought to meet, destroy, or explain it by introducing rebutting evidence.
 Id. at 719.  Neither of these exceptions apply to the
present case.