

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00226-CR

DONNY RAY SCOTT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A Wise County jury found Appellant Donny Ray Scott guilty of injury to a child, aggravated assault with a deadly weapon, and assault on a family member, enhanced. The trial court assessed Appellant's punishment at imprisonment for ten, twenty, and two years, respectively. In four points, Appellant argues that he was denied his Sixth Amendment right to confront the witnesses against him; the

---

[1]*See* Tex. R. App. P. 47.4.

evidence is insufficient to prove injury to a child and aggravated assault with a deadly weapon; the trial court erred by denying his motions for mistrial when two extraneous offenses came before the jury and when the State made improper jury argument. We reject these arguments and affirm the trial court's judgment.

## FACTS

A summary of the facts, as proved at trial, is necessary to the disposition of the case. On the day of the charged offenses, June 22, 2011, Appellant, his wife Amy, their two sons Zane and Ashton, and Appellant's father-in-law Tommy Burns all lived together in a house in Wise County. That evening, Appellant and Amy argued over the disciplining of Zane, who was a child under fourteen years of age and somewhat mentally challenged. Amy questioned Appellant about bruises on the boy that appeared to be fresh. Appellant admitted that he had struck Zane with a belt that had a large buckle because Zane would not listen to him. He also admitted to his cousin, Stacy Spraggins, that he had struck Zane, leaving marks on Zane's face and legs.

The argument escalated into a physical confrontation, and Appellant hit Amy on the side of her head. Burns told Appellant to either stop his assault on Amy or leave the house. Appellant responded, not by stopping his assault on Amy, but by striking Burns's head with a chair, knocking him to the ground. He then left but returned with a metal rod, which he used to hit Burns on his head a second time. Appellant and Burns then struggled on the floor, with Burns sustaining cuts to his hands. Burns regained his footing, but Appellant once

again hit him with a chair.  Burns subsequently drove himself to a nearby hospital, where doctors determined that he had sustained two skull fractures and multiple cuts to his hands.

### CONFRONTATION CLAUSE AND SUFFICIENCY OF THE EVIDENCE

Appellant combines two theories of relief in his first point.  First, he argues that the State's failure to call Zane to the witness stand violated his Sixth Amendment right to confront the witnesses against him.  *See* U.S. Const. amend. VI.  The State responds that Appellant's Sixth Amendment right to confrontation was not implicated because the State offered no testimonial evidence from Zane, who attended trial but did not testify.  *See Crawford v. Washington*, 541 U.S. 36, 50–52, 124 S. Ct. 1354, 1363–64 (2004).

The Confrontation Clause of the Sixth Amendment provides that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him.  U.S. Const. amend. VI.  The  Confrontation Clause is implicated when the State offers a testimonial out-of-court statement made from a witness who is absent from trial and whom the defense had no prior opportunity to cross-examine.  *See Crawford*, 541 U.S. at 50–54, 59, 124 S. Ct. at 1363–65; 1369; *see also Woodall v. State*, 336 S.W.3d 634, 641–43 (Tex. Crim. App. 2011).

Appellant cannot prevail on his Confrontation Clause claim for two reasons:  Zane appeared at Appellant's trial and Appellant could have called him

to testify, and no testimonial statement by Zane was offered or admitted at trial. Therefore, no Sixth Amendment violation occurred.

Appellant also argues that because Zane did not testify the State failed to prove the element of pain, and, therefore, the evidence is insufficient to support his conviction for injury to a child. The State argues in response that, even without testimony from Zane, ample evidence was adduced at trial to prove the element of pain.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Even if Appellant's Sixth Amendment Confrontation Clause claim had merit, which it does not, there was sufficient evidence adduced at trial from which the jury could have reasonably concluded that, on the day in question, Appellant caused Zane to suffer pain. Appellant admitted to Amy on the day in question that he had struck Zane with a belt that had a large buckle; Appellant admitted to Spraggins that he had whipped Zane to "discipline" him; marks on Zane's body were fresh on that day; and Amy testified that the marks on Zane that she saw that day had not been present earlier in the day. The injuries on Zane's body were consistent with Zane having felt accompanying pain. *See* Tex. Penal Code Ann. §§ 22.04(a)(3) (bodily injury) and 1.07(a)(8)

4

(pain) (West Supp. 2012).  In sum, the evidence was sufficient to prove beyond a reasonable doubt that Zane suffered pain inflicted by Appellant.  We overrule point number one.

In his second point, Appellant contends that the evidence is insufficient to prove aggravated assault with a deadly weapon.  Appellant appears to argue that Burns's testimony at trial was not worthy of belief because he was intoxicated at the time of the assault and because he left out salient facts when questioned by authorities.  Testimony by Dr. Martin, Burns's attending physician at the hospital, established that Burns had ingested alcohol at the time in question but that he did not exhibit any signs of intoxication.  Dr. Martin was able to obtain a narrative from Burns about how he had sustained the injuries, and Burns's narrative was consistent with Amy's statement to police officers.

Conflicts in the evidence, without more, are for the jury to resolve, and such conflicts are not enough to render the evidence insufficient to support a verdict.  S*ee Upton v. State*, 853 S.W.2d 548, 552 (Tex. Crim. App. 1993).  As a reviewing court, we must give deference to the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence.  *King v. State*, 254 S.W.3d 579, 582 (Tex. App.—Amarillo 2008, no pet.); *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The record shows that a number of corroborating facts were presented to the jury from which it could have observed and reasonably concluded that the

aggravated assault occurred as Burns described it. Amy's testimony essentially dovetailed with Burns's as to Appellant's assaultive conduct. And Burns's statement to Dr. Martin at the hospital concerning what happened that evening was consistent with Amy's version, and was consistent with the location and physical appearance of Burns's wounds. For example, Burns said that Appellant hit him with a chair twice that evening, and x-rays showed that Burns had two skull fractures. Any conflicts that appear in the record of this case were resolved by the jury, and there is ample record evidence to support the jury's verdict beyond a reasonable doubt. We overrule point number two.

## EXTRANEOUS OFFENSE EVIDENCE

In point number three, Appellant argues that the trial court erred by denying his motions for mistrial, both of which concerned extraneous bad acts evidence. *See* Tex. R. Evid. 404(b).[2] In the first instance, Officer Clint Caddell, when asked by the prosecutor what was done with Appellant after his arrest, began by responding that Appellant had outstanding warrants from another agency. The trial court sustained Appellant's Rule 404(b) objection and instructed the jury to disregard but denied Appellant's motion for mistrial.

---

[2] Appellant also argues that these extraneous bad acts were inadmissible under Texas Rule of Evidence 404(b). However, it is not necessary for this court to address that question because Appellant's objections to the extraneous acts were sustained and instructions to disregard were given to the jury, which leaves this court with the sole question of whether the trial court erred by denying a mistrial.

In the second instance, Amy testified about a conversation she had had with Appellant about the nature and extent of Zane's injuries. Among other things, she told the jury that she had mentioned to Appellant that "we had been through this before." The trial court overruled Appellant's Rule 404(b) objection and instructed the jury to disregard but denied Appellant's motion for mistrial.

Appellant argues that the harm done by the mention of these extraneous bad acts was cumulative and could have been cured only by a new trial. The State counters that the mention of the extraneous bad acts was incidental and harmless because the trial court promptly instructed the jury to disregard and later gave a limiting instruction to the jury in the court's charge.

We review the trial court's denial of a motion for mistrial under an abuse-of-discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). In doing so, we consider: (1) the prejudicial effect (or "severity") of the misconduct, (2) the curative measures undertaken, if any, and (3) the certainty of conviction absent the misconduct. *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011).

With respect to Officer Caddell's "warrants" testimony, there is no indication in the record what the warrants were for. Indeed, as far as the jury knew, the warrants could have been for traffic offenses, parking tickets, or toll tags; so, the prejudicial effect of Officer Caddell's testimony was slight. Moreover, the trial court employed two curative measures: a prompt instruction to disregard and a limiting instruction in the court's charge. Finally, Officer

7

Caddell's "warrants" testimony could not have been significant in a case with two eyewitnesses and Appellant's confession to his cousin. In view of these facts, we discern no abuse of discretion in the trial court's denial of Appellant's motion for mistrial following Officer Caddell's "warrants" testimony.

With regard to Amy's previous-discipline ("we had been through this before") testimony, as far as the jury knew she could have been referring to the fact that she and Appellant had disagreed previously on the proper discipline for Zane, rather than on a specific beating characterized by bruises and marks. Again, the trial court utilized two curative measures: a prompt instruction to disregard and a limiting instruction in the court's charge. And, as with the "warrants" testimony, the evidence of guilt in this case is arguably overwhelming. In view of these facts, we discern no abuse of discretion in the trial court's denial of Appellant's motion for mistrial following Amy's previous-discipline testimony. We overrule Appellant's third point.

## JURY ARGUMENT

In his final and fourth point, Appellant complains of the trial court's denial of his motion for mistrial made in response to the following remark by the prosecutor during jury argument: "So, if you believe Amy, which I don't see any reason not to believe Amy–." Appellant contends that, with this argument, the prosecutor was attempting to interject his personal feelings into the case. The trial judge sustained Appellant's objection to the argument and instructed the jury to disregard but denied Appellant's motion for mistrial. Appellant argues now that

8

because the harm done by the prosecutor was incurable, a mistrial was the proper remedy. The State argues, among other things, that Appellant had the burden to bring in witnesses to impeach Amy's credibility. The presumption of innocence, however, defeats that contention, without the necessity of citation of authority.

The standard of review is the same as that set out above in our discussion of Appellant's third point: whether the trial court abused its discretion by denying Appellant's motion for mistrial. *See Primes v. State*, 154 S.W.3d 813, 815 (Tex. App.—Fort Worth 2004, no pet.); *see also Hawkins*, 135 S.W.3d at 77. And the same test for the determination of harm caused by the prosecutor's argument, as illuminated in point three, applies here, that is, (1) the prejudicial effect of the misconduct, (2) the curative measures undertaken, and (3) the certainty of conviction absent the misconduct. *See Archie*, 340 S.W.3d at 739.

It would appear that this jury argument was moderately prejudicial. It is axiomatic that a prosecutor has a duty to keep his view of the evidence to himself. *See generally Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973). However, the trial court immediately sustained Appellant's objection to the remark and instructed the jury to disregard it. The jury was also instructed in the court's charge to consider only evidence presented from the witness stand. The third factor, the certainty of the conviction absent the misconduct, weighs heavily in the State's favor. Even assuming, *arguendo*, veracity problems with Amy's testimony, the remainder of the evidence of Appellant's guilt is quite

9

strong. The eyewitness testimony of Burns, Appellant's cousin who witnessed his confession regarding Zane, and the physical evidence of Burns's beating, all add up to an assaultive rampage committed by Appellant. In view of these facts, we discern no abuse of discretion in the trial court's denial of Appellant's motion for mistrial following the prosecutor's improper jury argument. Accordingly, we overrule Appellant's fourth point.

## CONCLUSION

Having overruled all of Appellant's points, we affirm the trial court's judgment.

CHARLES F. CAMPBELL
JUDGE

PANEL: LIVINGSTON, C.J.; DAUPHINOT, J.; and CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting By Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 17, 2013